# DOCTOR v. HARRINGTON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 477. Submitted January 25, 1905.—Decided February 20, 1905.

The presumption of law that stockholders are deemed to be citizens of the State of the corporation's domicil must give way to the actual fact proved that complainant is a citizen of a different State from the corporation, and in such a case the stockholder, if other conditions of jurisdiction exist can bring his suit against the corporation in the Circuit Court of the United States.

The ninety-fourth rule in equity contemplates and provides for a suit brought by a stockholder against the corporation and other parties on rights which may be properly asserted by the corporation, and when such a suit is between citizens of different States and is not collusive, but the corporation is controlled by interests antagonistic to complainant, it involves a controversy which is cognizable in a Circuit Court of the United States, and the defendant corporation is not to be classed on the same side of the controversy as complainant for the purpose of determining the diversity of citizenship on which the jurisdiction of the Circuit Court must rest.

THE bill in this case was dismissed by the Circuit Court on the ground that it had no jurisdiction upon the fact alleged, and certified to this court the question of jurisdiction. The following is the question certified:

"Whether or not the complainants' bill of complaint showed that there was such diversity of citizenship between the parties complainant and parties defendant in this cause as would be sufficient under the provisions of the United States Revised Statutes to confer jurisdiction upon the United States Circuit Court for the Southern District of New York, of this cause."

The court further certified that it entered a decree dismissing the bill, "holding that it appeared from the said bill of complaint that there was no such diversity of citizenship between the parties complainant and defendant as would confer

jurisdiction upon the United States Circuit Court for the Southern District of New York in the cause within the meaning of the United States Revised Statutes, and that in arranging the parties to this cause relatively to the controversy the Sol Sayles Company must be grouped on the side of the complainants, with the result that citizens of the same State would thus be parties on both sides of the litigation, and thus deprive this court of jurisdiction."

The bill is very voluminous, and, as it is agreed by appellees that the statement of appellants substantially states its allegation, we quote from appellants' brief as follows:

"This action was brought by the appellants, as stockholders of the Sol Sayles Company, a corporation organized under the laws of the State of New York, for the purpose of vacating and setting aside a judgment obtained by the appellees Harrington against the Sol Sayles Company in the Supreme Court of the State of New York, on October 28, 1902, and the levy and sale under an execution issued thereunder, and of requiring the appellees Harrington to deliver to the Sol Sayles Company certain shares of stock in the Sayles, Zahn Company, and certain bonds, belonging to the Sol Sayles Company, which had been sold under such execution, and for other equitable relief.

"In substance, the complainants allege in their bill of complaint that they are citizens of Morris County, New Jersey; that the defendants Harrington are citizens of the State of New York, and that the defendants Sol Sayles Company and Sayles, Zahn Company are likewise citizens of said State, both being incorporated under the laws of that State; that the Sol Sayles Company was organized with a capital stock of $100,000, divided into 1,000 shares of the par value of $100 per share, of which the complainants owned 500 shares and the defendants Harrington 500 shares; that by an arrangement made between the owners of the stock, the voting power on a majority thereof was given to the defendant John J. Harrington, who directed the management of the affairs of the corporation, dictated its

policy, and selected its directors; that on January 26, 1898, the defendant John J. Harrington caused the defendant Sayles, Zahn Company to be organized, for the purpose of taking over the business of the defendant Sol Sayles Company and of one Henry Zahn, and thereupon the property of the Sol Sayles Company and of Zahn was transferred to the Sayles, Zahn Company, which likewise was controlled by the defendant John J. Harrington; that the Sol Sayles Company received, in consideration of the transfer of its property, $50,000 of the capital stock of the Sayles, Zahn Company, and subsequently subscribed for $50,000 additional stock.

"It is further alleged that about February 1, 1899, the defendants Harrington, for the purpose of cheating and defrauding the Sol Sayles Company, and the complainants, of their interest in the assets of the Sayles, Zahn Company, fraudulently caused the Sol Sayles Company to execute and deliver to them, without any consideration whatsoever, its promissory notes, aggregating $23,700, which were utterly fictitious, and thereafter, and on October 3, 1902, the defendants Harrington, in furtherance of their fraudulent scheme, caused an action to be instituted and a judgment to be recovered against the Sol Sayles Company, for the amount of the said promissory notes and interest which was alleged to have accrued thereon, the Sol Sayles Company being in utter ignorance of the nature of the action and omitting to interpose any defense thereto.

"This scheme resulted in the recovery of a judgment against the defendant Sol Sayles Company on October 28, 1902, for $27,357.28, in favor of the defendants Harrington, who thereupon caused an execution to be issued to the sheriff of the county of New York, against the property and assets of the Sol Sayles Company, under which execution the said sheriff levied on the shares of stock in the Sayles, Zahn Company, and also two bonds of the New Jersey Steamboat Company, which belonged to the Sol Sayles Company, and sold all of the right, title and interest of the Sol Sayles Company in the said certificates of stock and in the said bonds, the said defendants

Harrington causing them to be purchased for their own benefit; said shares of stock being then, as the defendants Harrington well knew, and have ever since continued to be, worth upwards of $200,000.

"It further alleged that the complainants caused a demand to be made upon the defendants Harrington, that they transfer the said shares of stock and the said bonds to the Sol Sayles Company, but that they have refused to do so, and have insisted that these shares of stock and bonds are their personal and individual property, and that neither the Sol Sayles Company nor their complainants have any right, title or interest in either the said shares of stock or the said bonds, or any part thereof.

"The twentieth paragraph of the bill of complaint is as follows:

" 'The complainants were and each of them was a shareholder of the defendant Sol Sayles Company at the time of the transactions herein complained of. This suit is not a collusive one to confer upon a court of the United States jurisdiction of a case of which it would not otherwise have cognizance. The complainants are unable to secure any corporate action on the part of the defendant Sol Sayles Company to redress the wrongs hereinbefore set forth, nor are they able to obtain any redress at the hands of the stockholders of the said defendant Sol Sayles Company. The board of directors of said corporation is under the absolute control and domination of the defendant John J. Harrington, and the said Harrington, by reason of having possession of a majority of the capital stock of the said corporation, likewise controls the action of the stockholders. Although requested for information with regard to the facts hereinbefore set forth, he has refused to give any information with regard thereto, and has declined to redress the wrongs of which complaint is herein made, or to give to the complainants any opportunity to lay before the board of directors or the stockholders of the defendant Sol Sayles Company the facts herein set forth.' "

*Mr. Charles A. Hess* for appellants:

There is diversity of citizenship between complainants and defendants, the former being citizens of New Jersey and the latter of New York.

Appellees' contention that appellants are estopped or debarred from asserting the actual facts as to diversity of citizenship because stockholders are presumed to be citizens of the same State as the corporation, may on its face be good reasoning, but it is based entirely on a legal fiction, which has been indulged for the purpose of enabling the Federal courts to exercise jurisdiction over corporations. Legal fictions, however, are not always carried out to their logical conclusion, and this court has entertained jurisdiction in numerous instances, where precisely the same state of facts existed as in the present case. Among the more important precedents are the following: *Dodge* v. *Woolsey*, 18 How. 331; *Hawes* v. *Oakland*, 104 U. S. 450; *Quincy* v. *Steel*, 120 U. S. 241; *Pollock* v. *Farmers' L. & T. Co.*, 157 U. S. 429; *Cotting* v. *Kansas City Stock Yard Co.*, 183 U. S. 79; *Utah-Nevada Co.* v. *DeLamar*, 133 Fed. Rep. 113.

Even though complainants are seeking to maintain this action in the right of the Sol Sayles Company, in view of the trend of authority that fact is not entitled to weight as against the circumstances that such company is in fact a defendant. *De Neufville* v. *N. Y. & Northern Ry. Co.*, 81 Fed. Rep. 10, 13.

*Mr. Philip J. Britt* and *Mr. John J. Adams* for appellees:

There is no such diversity of citizenship between the complainants and defendants as is required under the Federal statutes. Complainants sue, not in their own right, but as stockholders of the Sol Sayles Company, and are, therefore, to be conclusively presumed, for purposes of jurisdiction, to be citizens of New York. See also rule 94 in equity.

The action is brought in the right of the corporation. *Davenport* v. *Dows*, 18 Wall. 626; *Dewing* v. *Perdicaris*, 96 U. S. 197; *Porter* v. *Sabin*, 149 U. S. 473; *Dickerman* v. *Northern*

Trust Co., 176 U. S. 188; Alexander v. Donohoe, 143 N. Y. 203; Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493. As to different classes of stockholders' actions and where the damages belong to the corporation and not to individual stockholders see Niles v. N. Y. C. & H. R. R. Co., 176 N. Y. 119; Smith v. Hurd, 12 Metc. 371; Allen v. Curtis, 26 Connecticut, 456. As to the status of corporations as citizens and the stockholders being of the same State as that under whose laws the corporation is organized see Bank of U. S. v. Deveaux, 5 Cranch, 61; Hope Ins. Co. v. Boardman, 5 Cranch, 57; Sullivan v. Fulton Steamboat Co., 6 Wheat. 540; Breithaupt v. Bank of Georgia, 1 Pet. 238; Commercial Bank v. Slocomb, 14 Pet. 60; Louisville &c. R. R. Co. v. Letson, 2 How. 497, 558; Marshall v. B. & O. R. R. Co., 16 Ohio St. 314, 328; Drawbridge Co. v. Shepherd, 20 How. 227, 233; Ohio & Miss. R. R. v. Wheeler, 1 Black, 286, 296; Muller v. Dows, 94 U. S. 444; Steamship Co. v. Tugman, 106 U. S. 118, 121; Memphis & Charleston R. R. v. Alabama, 107 U. S. 581; Shaw v. Quincy Mining Co., 145 U. S. 444, 451; St. Louis & San Francisco Railway Co. v. James, 161 U. S. 545; Barrow S. S. Co. v. Kane, 170 U. S. 100; Southern Ry. Co. v. Allison, 190 U. S. 326; Great Southern Fire Proof Hotel Co. v. Jones, 177 U. S. 456; Taylor v. Illinois Central Ry. Co., 89 Fed. Rep. 119; Thomas v. Board of Trustees, 195 U. S. 207; cases cited by appellants and Hanchett v. Blair, 100 Fed. Rep. 817, are not in point, and as to rule 94 in equity see Davis & Farnum Mfg. Co. v. Los Angeles, 189 U. S. 220.

The complainants are suing solely for the benefit of the Sol Sayles Company and that corporation, although in form a defendant, is, in legal effect, on the same side of the controversy as the complainants. Arapahoe County v. Railway Co., 4 Dillon, 277; Walden v. Skinner, 101 U. S. 589; and see also as to where defendants may be on same side as complainants, Covert v. Waldron, 33 Fed. Rep. 311; The Removal Cases, 100 U. S. 457; Pacific Railroad v. Ketchum, 101 U. S. 289; Harter v. Kernochan, 103 U. S. 562; Evers v. Watson, 156 U. S. 532;

*Brown* v. *Truesdale,* 138 U. S. 389, 395; *Merchants Cotton Press Co.* v. *N. A. Ins. Co.,* 151 U. S. 385; *Wilson* v. *Oswego Agency,* 151 U. S. 63; *Cilly* v. *Patton,* 62 Fed. Rep. 498; *Board of Trustees* v. *Blair,* 70 Fed. Rep. 414; *Consol. Water Co.* v. *Babcock,* 76 Fed. Rep. 642; *Shipp* v. *Williams,* 62 Fed. Rep. 4; *Gardner* v. *Brown,* 21 Wall. 36; *Pittsburg, C. & St. L. Ry. Co.* v. *B. & O. R. R. Co.,* 61 Fed. Rep. 705; *Boston Safe Dep. & Tr. Co.* v. *Racine,* 97 Fed. Rep. 817; *Old Colony Trust Co.* v. *Atlanta Ry. Co.,* 100 Fed. Rep. 798; 1 Foster's Federal Practice, 64.

The lack of jurisdiction of the court can be raised at any stage of the litigation, and even though the appellees had not raised the question, the court could, of its own motion, have dismissed the cause for want of jurisdiction. *Grace* v. *Am. Cen. Ins. Co.,* 109 U. S. 278, 283; *Mexican Cen. R. R. Co.* v. *Pinkney,* 149 U. S. 194; *Thomas* v. *Board of Trustees,* 195 U. S. 207.

*Mr. George H. Yeaman* by leave of the court filed a brief as *amicus curiæ* contending that diversity of citizenship did not exist and that the Circuit Court had no jurisdiction of the case.

MR. JUSTICE McKENNA, after stating the case, delivered the opinion of the court.

To sustain the action of the Circuit Court in dismissing the bill the argument is as follows: (1) By a conclusive presumption of law the stockholders of a corporation are deemed to be citizens of the State of the corporation's domicile. (2) Granting that the complainants are citizens of New Jersey, yet as they are suing for the Sol Sayles Company, a New York corporation, that corporation, although in form a defendant, is in legal effect on the same side of the controversy as the complainants, and since it is a citizen of the same State as the other defendants, the Circuit Court had no jurisdiction, as the suit

does not involve a controversy between citizens of different States.

1. This is based on the assumption adopted by this court, that stockholders of a corporation are citizens of the State which created the corporation—an assumption physically possible. but hardly true in a single instance; and appellants here contend that it should be classed with the fictions of the law and subject to one of their. fundamental maxims, and cannot be carried beyond the reasons which caused its adoption necessarily requisite. It is, however, more of a presumption than a fiction, but whether we regard it as either it cannot be pushed to the end contended for by appellees.

The reason of the presumption (we will so denominate it) was to establish the citizenship of the legal entity for the purpose of jurisdiction in the Federal courts. Before its adoption difficulties had been encountered on account of the conditions under which jurisdiction was given to those courts. A corporation is constituted, it is true, of all its stockholders, but it has a legal existence separate from them—rights and obligations separate from them; and may have obligations to them. It can sue and be sued. At first this could be done in the Circuit Court of the United States only when the corporation was composed of citizens of the State which created it. *Bank of United States* v. *Deveaux*, 5 Cranch, 61; *Hope Insurance Company* v. *Boardman*, 5 Cranch, 57. But the limitation came to be seen as almost a denial of jurisdiction to or against corporations in the Federal courts, and in *Louisville &c. Railroad Company* v. *Letson*, 2 How. 497, prior cases were reviewed; and this doctrine laid down:

"That a corporation created by and doing business in a particular State, is to be deemed to all intents and purposes as a person, although an artificial person, . . . capable of being treated as a citizen of that State, as much as a natural person." And "when the corporation exercises its powers in the State which chartered it, that is its residence, and such an averment is sufficient to give the Circuit Courts jurisdiction."

The presumption that the citizenship of the corporators should be that of the domicil of the corporation was not then formulated. That came afterwards, and overcame the difficulty and objection that the legal creation, the corporation, could not be a citizen within the meaning of the Constitution. *Marshal* v. *B. & O. Railroad Company,* 16 How. 314. This, then, was its purpose, and to stretch beyond this is to stretch it to wrong. It is one thing to give to a corporation a status, and another thing to take from a citizen the right given him by the Constitution of the United States. Disregarding the purpose of the presumption, it is easy to represent it, as counsel does, as illogical if not extended to every stockholder; but as easy it would be to show its falseness if so applied. But . such charges and countercharges are aside from the question. To the fact and place of incorporation the law attaches its presumption for a special purpose. Perhaps, as intimated in *St. Louis & San Francisco Ry.* v. *James,* 161 U. S. 545, 563, this "went to the very verge of judicial power." Against the further step urged by appellees we encounter the Constitution of the United States.

2. The ninety-fourth rule in equity contemplates that there may be, and provides for, a suit brought by a stockholder in a corporation founded on rights which may properly be asserted by the corporation. And the decisions of this court establish that such a suit, when between citizens of different States, involves a controversy cognizable in a Circuit Court of the United States. The ultimate interest of the corporation made defendant may be the same as that of the stockholder made plaintiff, but the corporation may be under a control antagonistic to him, and made to act in a way detrimental to his rights. In other words, his interests, and the interests of the corporation, may be made subservient to some illegal purpose. If a controversy hence arise, and the other conditions of jurisdiction exist, it can be litigated in a Federal court.

In *Detroit* v. *Dean,* 106 U. S. 537, Dean, who was a citizen

of New York and a stockholder in the Mutual Gas Light Company, a Michigan corporation, in order to protect its right and property against the threatened action of a third party brought suit against the latter and the corporation in the Circuit Court of the United States for the Eastern District of Michigan. This court ordered the bill dismissed, not because Dean and the corporation had identical interests, but because the refusal of the directors of the corporation to sue was collusive. The right of a stockholder to sue a corporation for the protection of his rights was recognized, the condition only being the refusal of the directors to act, which refusal, it is said, must be real, not feigned. *Hawes v. Oakland,* 104 U. S. 450, was cited, where a like right was decided to exist. See also *Dodge v. Woolsey,* 18 How. 331; *Davenport v. Dows,* 18 Wall. 626; *Memphis v. Dean,* 8 Wall. 64; *Greenwood v. Freight Company,* 105 U. S. 13; *Quincy v. Steel,* 120 U. S. 241. It was said in *Dodge v. Woolsey,* that the refusal of the directors to sue caused them and Woolsey, who was a stockholder in a corporation of which they were directors, "to occupy antagonistic grounds in respect to the controversy, which their refusal to sue forced him to take in defense of his rights." *Dodge v. Woolsey* was modified by *Hawes v. Oakland,* as to what circumstances would justify a suit by a stockholder if the directors refuse to sue. See also *Quincy v. Steel, supra.*

The case at bar is brought within the doctrine of those cases by the allegations of the bill. The defendant corporations are alleged to be under the control of John J. and Dennis A. Harrington, and that complainants are unable to secure any corporate action on the part of the defendant, the Sol Sayles Company, to redress the wrongs complained of. It is also alleged that the Harringtons control the action of the stockholders, and have declined to redress the wrongs complained of or give complainants any opportunity to lay before the board of directors or the stockholders of the Sol Sayles Company the facts alleged. It is also alleged the suit is not collusive. It is manifest that if the matter alleged be true, com-

plainants will suffer irremediable loss if not permitted to sue, and as they had a cause of action they rightly brought it in the Circuit Court of the United States.

*Decree reversed.*