### CRAWFORD v. SEATTLE, R. & S. RY. CO. et al.

(District Court, W. D. Washington, N. D. August 22, 1912.)

No. 2,181.

REMOVAL OF CAUSES (§ 29*)—DIVERSITY OF CITIZENSHIP—ALIGNMENT OF PARTIES.

In a stockholder's suit in a state court against the corporation and others, where the allegations of the bill show that the corporation is fully under the control of its codefendants, it is properly aligned with them for the purposes of the removal statute, and, where it is a citizen of the same state as complainant, the suit is not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 69, 72, 74; Dec. Dig. § 29.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity. Suit by William B. Crawford against the Seattle, Renton & Southern Railway Company, William R. Stirling, Augustus Peabody, Alexander Smith, and James L. Houghteling, Jr., copartners under the firm name of Peabody, Houghteling & Co., Augustus S. Peabody and the First Trust & Savings Bank of Chicago, trustees, and Augustus S. Peabody, trustee. On motion to remand to state court. Motion granted.

Morris B. Sachs, for plaintiff.

Walter S. Fulton, for defendants Peabody, Houghteling & Co., and others.

CUSHMAN, District Judge. This action was originally brought in the superior court of King county in this district. The plaintiff is a citizen and resident of the state of Washington. The defendant Seattle, Renton & Southern Railway Company is a corporation organized and existing under the laws of the state of Washington and is a citizen of that state for jurisdictional purposes. The remaining defendants are citizens and residents of the state of Illinois.

Within the time and in the mode prescribed by law, the nonresident defendants petitioned for removal from the state court to the District Court of the United States in the proper district, on the ground that there is a controversy between the plaintiff and the petitioning defendants which is wholly between citizens of different states and which can be fully determined as between them. The plaintiff moved to remand the cause to the state court on the ground that the controversy was not separable.

In analyzing the complaint on that motion, the court said:

"The complaint sets forth numerous contracts and transactions between the railway company and the petitioning defendants, numerous transactions between the plaintiff individually and the petitioning defendants, a conspiracy on the part of the petitioning defendants to acquire title to the property of the railway company and the corporate stock owned by the plaintiff individually, and prays judgment against the petitioning defendants for relief in behalf of the railway company, and for relief in his own behalf as an individual. In other words, the complaint sets forth a cause of action in favor of the railway company and against the petitioning defendants, and a cause of action in favor of the plaintiff and against the petitioning defendants. In the former the plaintiff has no interest, except as a stockholder, and the relief granted, if any, will inure wholly to the benefit of the railway company. In the latter the relief granted will inure wholly to the benefit of the plaintiff; the railway company having no interest directly or indirectly therein."

The court found the two causes of action entirely separable and distinct and denied the motion to remand. Thereafter the plaintiff was allowed to amend his bill of complaint, striking from it any allegations of damage to himself and all prayer for relief purely personal to him.

The motion to remand has been renewed and is now before the court, the mover claiming that the effect of the former decision, being that there was a separable controversy, the controversy held triable in this court now being eliminated, but for which it would have been subject to remand, it now is so subject.

The petitioner for remand opposes, contending that the defendant railway should be aligned with the plaintiff, instead of with the defendants, thus making the controversy one between citizens of Washington and citizens of Illinois and triable in this court. They contend that this phase of the case was not before the court on the prior hearing and rely upon paragraph 20 of the complaint to show that the plaintiff and defendant railway should be aligned upon the same side of the controversy.

In paragraph 20 it is alleged:

"All the capital stock of said defendant railway company was represented at said stockholders' meeting either in person or by proxy, and the following named persons were duly elected trustees of the said defendant railway company for the ensuing year or until their successors had been elected and qualified, to wit, W. R. Crawford, M. B. Sachs, F. J. Friend, D. W. Brown and D. D. Egan. Further at such meeting it was voted by all of said stockholders of said defendant railway company to authorize and direct the said board of trustees of said company to take all actions necessary, in their opinion, to protect the interest of the stockholders and the said defendant railway company; that thereafter on the said day and at the same place W. R. Crawford, F. J. Friend and M. B. Sachs, having duly qualified as trustees of the said defendant railway company, held a meeting for the purpose of organizing the said board of trustees at which meeting the following named persons were duly elected to the offices following their respective names, to wit: W. R. Crawford, president and general manager; F. J. Friend, secretary and treasurer; M. B. Sachs, vice president. At such meeting this plaintiff as the duly elected president of said defendant railway company, was instructed to proceed in whatever manner necessary to obtain possession by the legally constituted board of trustees of the said board of trustees of the said defendant railway company of all of its properties, books, papers, moneys and assets and to protect the interest of said defendant railway company and its stockholders and to take over as general manager of said defendant railway company the active operation of said defendant railway company's properties."

Upon a motion to remand, all allegations of the complaint being taken as true, it is not to be presumed but what the court considered the different paragraphs upon the former hearing. The briefs on file show that, upon that hearing the petitioners argued at length against the remand upon the ground:

"That the Seattle, Renton & Southern Railway Company's interests are not adverse to that of the plaintiff, but are identical with his as fully appears upon the allegations of the complaint."

It would therefore appear that this question was decided against the petitioner on the first hearing, else the controversy would not have been held separable. It is not necessary, however, to put the ruling upon the ground that it has become the law of the case.

The allegations of paragraph 20, concerning the action taken by plaintiff and his associates in seeking to regain control of the corporation, do not stand alone. It is set up throughout the complaint that the officers de facto of the railway company, those in control of the corporate business, its books, and affairs, are agents of the defendant Peabody, Houghteling & Co., selected by the latter company as officers of the former, doing its bidding in all things; that the latter company and the defendant Peabody, trustee, are in absolute control, not only of the property and assets of the defendant railway company, but also the corporate affairs and officers.

The complaint alleges a conspiracy on the part of the defendants to bring about a default in the payment of the interest due from the railway company to the other defendants, thereby maturing such an amount of its debts due them as to enable them to deprive the railway company of its property.

The allegations of the complaint, detailing this conspiracy, the breaches of trust, and oppression practiced by the defendants, in order

to deprive the railway company of its property, to accomplish which the officers and resources of that company are being used by the defendants, the allegations that the stockholders, by their pledging of all their stock and the surrendering of all the affairs, property, money, and income in the railway company to the control of the defendants, the latter's misuse of the power thus gained, if true, show the stockholders to be so enmeshed as to be helpless to aid the corporation within itself, notwithstanding the allegations of paragraph 20, and bri..g the case within the reasoning of the rule that, where the corporation is under control antagonistic to the stockholder, suing in a stockholder's suit for the ultimate benefit and interest of the corporation, yet it will be aligned with the defendants.   Doctor v. Harrington, 196 U. S. 579, 25 Sup. Ct. 355, 49 L. Ed. 606; Venner v. G. N. R. Co., 209 U. S. 24, 28 Sup. Ct. 328, 52 L. Ed. 666; Delaware, etc., Co. v. A. & S. R. Co., 213 U. S. 435, 29 Sup. Ct. 540, 53 L. Ed. 862; Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827; Dodge v. Woolsey, 18 How. 331, 15 L. Ed. 401; Helm v. Zarecor, 222 U. S. 32, 32 Sup. Ct. 10, 56 L. Ed. 77.

The allegations are sufficient to show the cause of plaintiff's failure to secure the desired action by the corporate officers and thus bring it within equity rule 94.   Though that rule was adopted after the decision in Hawes v. Oakland, supra, the rulings of the Supreme Court mentioned above show this case to be within the reason and spirit of the exception to the rule.

The record from the state court, brought up upon removal, shows, in the proceedings therein, that the railway company was opposing the plaintiff and assisting the other defendants both in these matters strictly in that court and in securing the removal of the controversy and the subject-matter thereof to this court.   This sufficiently shows that the parties are properly aligned in the complaint.   Venner v. G. N. R. Co., supra; Helm v. Zarecor, supra.

The motion to remand is granted.