## J. R. A. CORPORATION v. BOYLAN et al.

District Court, S. D. New York.
Dec. 15, 1939.

Judgment Affirmed March 18, 1940.
See 109 F.2d 1018.

Alexander Kahan, of New York City (Alexander Kahan, Louis A. Tepper, and Joseph Lotterman, all of New York City, of counsel), for plaintiff.

Chadbourne, Wallace, Park & Whiteside, of New York City, for defendant American Tobacco Co.

George Z. Medalie, of New York City, for defendant George W. Hill.

Sigourney B. Olney, of Brooklyn, N. Y., for defendants Richard J. Boylan, John A. Crowe, James R. Coon, and Edmund A. Harvey.

Clarence J. Shearn, of New York City, for defendants Paul M. Hahn, George W. Hill, Jr., Charles F. Neiley, and Vincent Riggio.

CONGER, District Judge.

This is a motion to dismiss a complaint on the grounds that this Court has no jurisdiction over the action. Plaintiff, a New York corporation, has alleged a derivative stockholder's suit, in behalf of itself, and all other stockholders similarly situated, against The American Tobacco Company, a New Jersey corporation, and thirty-two of its directors and former directors. It seeks judgment against the individual defendants because of their alleged waste of corporate assets arising out of their participation in assertedly illegal stock purchase and bonus plans of the defendant, The American Tobacco Company, and because of their failure to reimburse the corporate defendant for its payment of their counsel fees upon the settlement of stockholders suits to which they were parties.

The complaint alleges that The American Tobacco Company has refused to enforce its rights in the present action, and that its management is hostile and antagonistic to the desires and interests of the stockholders with respect to the acts alleged in the complaint, which on its face shows that twenty-four of the thirty-three named defendants are citizens of the State of New York. The plaintiff argues, however, that for the purposes of determining jurisdiction The American Tobacco Company must be considered as the real plaintiff, and thus the necessary diversity of citizenship is supplied. In support of this

novel proposition, it is asserted that under the substantive law of New York (see Niles v. New York Central & Hudson River Railroad Co., 176 N.Y. 119, 68 N.E. 142), the corporation is the only real party plaintiff, and in accordance with the rule announced in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, for the purposes of determining its diversity of citizenship jurisdiction, this Court is bound to consider the parties as they would be aligned by the New York Courts.

On the facts of this case, plaintiff's contention cannot be sustained. Even assuming that Erie R. Co. v. Tompkins, supra, compels this Court to look to the State Court decisions to determine the real alignment of the parties, I do not consider that the State Courts have held that the corporation, in a derivative stockholder's suit, is the real party plaintiff to the controversy. All that the State Courts have held is that the corporation is a plaintiff in the sense that any judgment in the action, will redound to its benefit and, as to this, there is no dispute. See Doctor v. Harrington, 196 U.S. 579, 587, 25 S.Ct. 355, 49 L.Ed. 606. As was pointed out in Venner v. Great Northern Railway Co., 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666, when the corporation is antagonistic to the aims of the plaintiff stockholder, and refuses to enforce its rights, as is here alleged, this refusal is, in itself, a controversy to which the corporation is a real party defendant. Such a view represents a realistic alignment of the parties with which, I take it, the New York decisions do not disagree.

In addition, plaintiff argues that the cause of action set forth in its complaint is ancillary to the other stockholder's suits (entitled Roger v. Guaranty Trust Co. et al.; and Roger v. Hill et al.), which had heretofore been commenced in this Court and allegedly fraudulently settled and discontinued.

This action is not ancillary to the two aforesaid actions. The language of the allegations in the complaint indicates that it is a separate and distinct action, not ancillary to the other two actions; and plaintiff does not present a factual situation sufficient to bring it within the rule of Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192.

The motion is granted. Settle order on notice.