### OPICI v. CUCAMONGA WINERY et al.
### No. 7367.

District Court, S. D. California, C. D.
Sept. 23, 1947.

Claude B. Morton, of Los Angeles, Cal., for plaintiff.

S. L. Kurland and Otto Christensen, both of Los Angeles, Cal., for defendants.

**J. F. T. O'CONNOR, District Judge.**

This is a derivative action by a shareholder against Cucamonga Winery, a corporation, and four members of its Board of Directors and the accountant for the corporation.

The complaint alleges that the plaintiff is a citizen and resident of the State of New Jersey, and that the defendant corporation is a domestic corporation, incorporated under the laws of the State of California, and that all of the defendants are residents and citizens of the State of California.

The amount involved exceeds the jurisdictional amount.

The plaintiff is the owner and holder of one-third of the outstanding shares of the corporation, and the defendants, Ettor and Accomazzo, own substantially all of the remaining shares of the capital stock of the corporation. The complaint further alleges that the action is not a collusive one to confer jurisdiction on the court, and, further, that the action is brought by the plaintiff as a stockholder in behalf of himself and all others similarly situated who may wish to join, and is brought in the interests of the defendant corporation, which refuses to sue in its own name because the corporate actions are controlled by the remaining defendants against whom this claim is made; and further alleges mismanagement and misappropriation generally, wrongful payment of commissions, and other wrongful acts detrimental to the corporation.

The plaintiff demands judgment against the individual defendants for amounts found to be due the corporation on account of misappropriations, and makes other demands.

The defendants, Joseph J. Ettor, Alfred O. Accomazzo, Nando Miglietta, and Cucamonga Winery, a corporation, moved to dismiss the action and for an order to make more definite and certain, and for an order to require the plaintiff to furnish a bill of particulars to the complaint, and specifically requested a more definite statement from the plaintiff.

The court heard oral arguments.

It is the contention of the defendants that this court is without jurisdiction for the reason that there is no diversity of citizenship shown. The defendants urge that the plaintiff is acting in a representative capacity and the real party in interest is the corporation, and thus, since the corporation is a citizen of the State of California, and the defendants are all citizens of the State of California, the court has no jurisdiction. In part of this contention the defendants are sustained in several opinions by the Supreme Court of the State of California.

The leading cases: Whitten v. Dabney, 171 Cal. 621, at page 630, 154 P. 312, at page 316, where the court said: "'The stockholder does not bring such a suit because his rights have been directly violated, or because the cause of action is his or because he is entitled to the relief sought. He is permitted to sue in this manner simply in order to set in motion the judicial machinery of the court.' 3 Pom.Eq. (3d Ed.) § 1095. * * * What is the exact situation of a plaintiff in such an action? He is a trustee pure and simple, seeking in the name of another a recovery for wrongs that have been committed against that other. His position in the litigation is in every legal sense the precise equivalent of that of the guardian ad litem. The guardian ad litem stands as the representative of some person incompetent to sue or be sued directly. He is appointed by the court to represent that incompetent's interests; to prosecute or defend with the highest diligence and good faith. The stockholder

beginning this action does not even occupy the position of a creditor suing on his own account and on account of his fellow creditors. In the latter case the creditor plaintiff has a direct personal interest in the litigation, and within limitations not here necessary to discuss, may deal with that litigation as his own. But the stockholder acts in purely a representative capacity. He is a guardian ad litem by virtue of statutory authority, empowered to do precisely what a guardian ad litem appointed by a court may do. He has gone into equity seeking redress for a corporation under disability to obtain relief itself, precisely as the guardian ad litem goes into court to obtain like redress for a client under disability by reason of incompetency or nonage." Cases cited.

Having held that the plaintiff is not the real party in interest, but the defendant corporation is the real party in interest, is the court ousted of jurisdiction?

The Supreme Court of the United States has recently passed upon this question, in Re Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, decided March 10, 1947. While the decision applied the doctrine of forum non conveniens, there is language in both the majority and dissenting opinions which assist this court in determining the question. The plaintiff, Koster, brought a derivative action in equity as a member and policy-holder of Lumbermens Mutual Casualty Company 'in the right of Lumbermen's and on behalf of all its members and policy holders'. The action was brought in the United States District Court for the Eastern District of New York, 64 F.Supp. 595, of which plaintiff was a citizen, and jurisdiction rested on diversity of citizenship.

"The defendants are the Lumbermens Mutual Casualty Company, a nominal defendant, organized under the laws of Illinois; one James S. Kemper, president and manager thereof, a citizen of Illinois, and James S. Kemper & Co., an Illinois corporation. The relief asked is that the other defendants account to Lumbermens, for damages it has sustained and for profits they have realized on certain transactions. It is alleged that defendant Kemper, as an officer of the company, has been guilty of breaches of trust by which he, his family corporation and his friends have profited. Plaintiff charges that Kemper's salary was improvidently increased from less than $75,000 to over $251,000; that although Lumbermens was staffed and equipped to write insurance without the intervention of any agency, he employed the Kemper Company and paid it 'substantial sums' as 'commissions, fees and otherwise' to Lumbermens' prejudice and Kemper's profit, and that Kemper caused assets of Lumbermens to be sold to himself and favorites at prices less than their values. Kemper individually was never served in New York. Unless he should be found within that jurisdiction, some of the alleged causes of action cannot be tried in this action in any event for want of an indispensable party. Some of its issues could be tried without him." [330 U.S. 518, 67 S.Ct. 829] The home and principal place of business of Lumbermens was found to be in Illinois, where its directors lived and its records were kept, and all of its witnesses lived in Illinois.

"The cause of action which such a plaintiff brings before the court is not his own but the corporation's. It is the real party in interest and he is allowed to act in protection of its interest somewhat as a 'next friend' might do for an individual, because it is disabled from protecting itself. If, however, such a case as this were treated as other actions, the federal court would realign the parties for jurisdictional purposes according to their real interests. In this case, which is typical of many, this would put Lumbermens on the plaintiff's side. Illinois corporations would then appear among plaintiffs and among defendants, and jurisdiction would be ousted. City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. But jurisdiction is saved in this class of cases by a special dispensation because the corporation is in antagonistic hands. Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606."

The opinion refers also to Federal Rules of Civil Procedure, rule 23, 28 U.S.C.A. following section 723c, argued to the court by counsel as follows: "Hence, although a plaintiff's own interest may be small, if

the conditions laid down by Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C.A., following section 723, for secondary actions by shareholders are complied with and jurisdiction is established, the federal courts are empowered to entertain the case. But the peculiarities of such actions should not be overlooked."

In Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 357, 49 L.Ed. 606, cited in the opinion of the Supreme Court and also in the argument of the plaintiff in the instant case, the court said: "The ultimate interest of the corporation made defendant may be the same as that of the stockholder made plaintiff; but the corporation may be under a control antagonistic to him, and made to act in a way detrimental to his rights. In other words, his interests and the interests of the corporation may be made subservient to some illegal purpose. If a controversy hence arise, and the other conditions of jurisdiction exist, it can be litigated in a Federal court."

In City of Detroit v. Dean, 106 U.S. 537, 1 S.Ct. 560, 27 L.Ed. 300, the parties to the litigation were in the same business as the parties in the instant case. Dean was a citizen of New York and a stockholder in a Michigan corporation. He brought his action in the Circuit Court of the United States for the Eastern District of Michigan. "This court ordered the bill dismissed, not because Dean and the corporation had identical interests, but because of the refusal of the directors of the corporation to sue was collusive. The right of a stockholder to sue a corporation for the protection of his rights was recognized, the condition only being the refusal of the directors to act, which refusal, it is said, must be real, not feigned." Doctor v. Harrington, supra., [196 U.S. 579, 25 S.Ct. 357] cases cited.

The Supreme Court of the United States is sharply divided on the question of diversity in stockholders' suits against corporations.

In City of Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 16, 86 L.Ed. 47, suit was brought by the Chase National Bank of New York, a corporation, in the Federal District Court for the Southern District of Indiana, naming as defendants the Indianapolis Gas Company, the Citizens Gas Company of Indianapolis (Indiana corporations), and the City of Indianapolis. Justice Frankfurter said: "The power of the District Court to entertain this litigation was sustained by the Circuit Court of Appeals for the Seventh Circuit under the provision of the Judicial Code conferring upon the district courts jurisdiction 'Of all suits of a civil nature * * * where the matter in controversy exceeds * * * $3,000, and * * * is between citizens of different States * * *.' 36 Stat. 1091, 28 U.S.C. § 41 (1), 28 U.S.C.A. § 41 (1). The correctness of this jurisdictional ruling must be determined before the merits of Chase's claims can be considered. The specific question is this: Does an alignment of the parties in relation to their real interests in the 'matter in controversy' satisfy the settled requirements of diversity jurisdiction?"

After examining the facts, the court found that Chase and the Indianapolis Gas were, colloquially speaking, partners in litigation. Chase and Indianapolis Gas prayed for the same relief, to which the City was opposed. The court held that citizens of Indiana were on both sides of the litigation, which precluded the presumption of jurisdiction based on diversity of citizenship, and held that the District Court was without jurisdiction. No such situation arises in the instant case before the court. Mr. Justice Jackson dissented in a 7-page dissent wherein the Chief Justice, Mr. Justice Roberts and Mr. Justice Reed concurred.

In the Koster case, supra, Mr. Justice Jackson delivered the majority opinion, while Mr. Justice Black, Mr. Justice Rutledge, Mr. Justice Reed and Mr. Justice Burton dissented.

The majority and dissenting opinions on this subject by the members of the Supreme Court indicate the careful consideration given this problem, and the sharp division of opinion. For a more extensive discussion of this point, see 35 Corpus Juris Secundum, Federal Courts, § 59, page 884. The note to sec. 59 cites the City of Indianapolis v. Chase National Bank, supra; also 1947 Cum.Supp. and 54 C.J. page 270.

This court denies the motion to dismiss on the ground of lack of jurisdiction, and holds that it has jurisdiction.

The motion to dismiss because the complaint fails to state a claim against the defendants, or any of them, upon which relief can be granted, is also denied.

The motion to require plaintiff to make a more definite statement of facts upon which the alleged cause of action is based, will be granted in part, and denied in part, as follows:

Requests A, B, C, D, E, F, and G will be denied.

Requests H, I, and J will be granted.

Request K will be denied.

Requests L, M, N, O, P, Q, R, and S will be granted.

Request T will be denied.

Exceptions allowed to the defendants on all rulings.