### SMALLEN v. LOUISVILLE FIRE & MARINE INS. CO. et al.

Civ. No. 1498.

United States District Court
W. D. Kentucky, at Louisville.

Sept. 25, 1948.

280

Herbert H. Monsky, of Louisville, Ky., and Harold F. Levin, of New York City, for plaintiff.

John G. Heyburn and Peter, Heyburn & Marshall, all of Louisville, Ky., for defendant Louisville Fire & Marine Ins. Co.

SHELBOURNE, District Judge.

This action was filed by plaintiff, Paul Smallen, a citizen of New York, as plaintiff, claiming at the time of the transaction complained of in his petition, that he was the holder and owner of common stock in defendant, San-Nap-Pak Manufacturing Company, a corporation created under the laws of the State of New York. Louisville Fire & Marine Insurance Company, a corporation created under the laws of Kentucky, was also named a defendant with the San-Nap-Pak Manufacturing Company.

Plaintiff alleges that Lowell M. Birrell and Stewart B. Hopps, through corporations substantially owned and controlled in stock interest by them, so dominated the affairs of the San-Nap-Pak Manufacturing Company as to gain the voting control of that corporation and wrongfully secured for the Louisville Fire & Marine Insurance Company 41,000 shares of the San-Nap-Pak Manufacturing Company, in exchange for the American Druggists Syndicate, Inc., a wholly owned subsidiary of the defendant, Louisville Fire & Marine Insurance Company, which latter company, and its stock was worthless.

Defendant, Louisville Fire & Marine Insurance Company, filed its motion to dismiss the action because of lack of diversity of citizenship between the plaintiff and defendants.

Plaintiff concedes that there is a seeming lack of diversity, which ordinarily is fatal to jurisdiction under 28 U.S.C.A. § 41[1], but contends that the suit of the plaintiff, as a stockholder, in this derivative action is not an action to recover on behalf of the plaintiff, but to obtain for the defendant San-Nap-Pak Manufacturing Company its losses and that this Court should realign the parties hereto as authorized by Title 28 U.S.C.A. § 80[2].

Plaintiff's Counsel concedes that jurisdiction does not exist, unless the defendant San-Nap-Pak Manufacturing Company is aligned with the plaintiff Smallen, so that the action will present a controversy between plaintiff and the San-Nap-Pak Manufacturing Company, as plaintiffs, against the Louisville Fire & Marine Insurance Company, a resident of Kentucky.

Defendant relies upon Venner v. Great Northern Railway Company, 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666; New Jersey Central Railroad Company v. Mills, 113 U.S. 249, 5 S.Ct. 456, 28 L.Ed. 949; Richardson v. Blue Grass Mining Company, D.C., 29 F.Supp. 658 (decided by Judge Ford of the Eastern District of Kentucky, in 1939).

Plaintiff's Counsel contends that an exception to the general rule of realignment occurs where to realign would serve to defeat the Court's jurisdiction and interprets the case of Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606 and of Richardson v. Blue Grass Mining Company, as upholding this contention.

We are referred to no case where the right or duty to realign depends upon the result of the realignment.

In Doctor v. Harrington, supra, [196 U.S. 579, 25 S.Ct. 357] the Supreme Court said—"The ultimate interest of the corporation made defendant may be the same as that of the stockholder made plaintiff; but the corporation may be under a control antagonistic to him, and made to act in a way detrimental to his rights. In other words, his interests and the interests of the corporation may be made subservient to some illegal purpose."

[1] In 1948 Revision, 28 U.S.C.A. § 1331 et seq.

[2] In 1948 Revision, 28 U.S.C.A. § 1447.

Upon this authority, Judge Ford refused to realign the corporate defendant and said—"Although the ultimate interest of the corporate defendants in respect to certain features of the suit may be the same as the complainants, it is adequately shown that the corporations are and at all times have been under the control and domination of the Kentucky group, the alleged wrong-doers." Richardson v. Blue Grass Mining Company, supra, 29 F.Supp. at page 663.

Such is the allegation in this case—that is, that the assets wrongfully obtained by the Louisville Fire & Marine Insurance Company were obtained by a fraudulent conspiracy with the managing powers of the San-Nap-Pak Manufacturing Company.

In the case of Greenberg v. Giannini et al., 2 Cir., 140 F.2d 550, 554, 152 A.L.R. 966, it is said: "It is hornbook law that the claim is the corporation's, and for that reason the delinquent directors will not be protected by any judgment which does not conclude the corporation."

In other words, the corporation is a necessary party. The Supreme Court in Venner v. Great Northern Railway Company, supra, said [209 U.S. 24, 28 S.Ct. 329]: "They (the corporate defendant, for whose benefit the action is alleged to be brought, and the director) are alleged to have engaged in the same illegal and fraudulent conduct, and the injury is alleged to have been accomplished by their joint action. The plaintiff's controversy is with both, and both are rightfully and necessarily made defendants, and neither can, for jurisdictional purposes, be regarded otherwise than as a defendant."

It is therefore concluded that there is on the face of plaintiff's complaint, a lack of diversity of citizenship as between plaintiff and the defendant San-Nap-Pak Manufacturing Company, and that the latter cannot be realigned with the plaintiff, so as to give the Court jurisdiction.

Accordingly, the motion of defendant Louisville Fire & Marine Insurance Company is sustained, and an order will be entered dismissing the action without prejudice.