### TUCKER v. NATIONAL LINEN SERVICE CORPORATION et al.
#### Civ. A. No. 3677.

United States District Court
N. D. Georgia, Atlanta Division.
June 21, 1950.

William G. McRae, Atlanta, Ga., Richard A. Dowling, New Orleans, La., for plaintiff.

J. A. Branch, Herbert J. & Joseph F. Haas, Powell, Goldstein, Frazer & Murphy, Spalding, Sibley, Troutman & Kelley, and Grant, Wiggins, Grizzard & Smith, all of Atlanta, Ga., Augusto P. Miceli, Rosen, Kammer, Wolff, Hopkins & Burke, Leonard B. Levy, and Edwin F. Marx, all of New Orleans, La., Goldstone & Wolff, New York City, Monroe & Lemann, New Orleans, La., Neely, Marshall & Greene, Atlanta, Ga., Arthur A. Moreno, Rudolph J. Weinmann, New Orleans, La., Weekes & Candler, Decatur, Ga., Azzo J. Plough, New Orleans, La., Jacob L. Holtzmann, New York City, Sidney W. Provensal, Jr., New Orleans, La., for defendants.

HOOPER, District Judge.

Plaintiff, a citizen and resident of Louisiana, and a shareholder of Crescent City Laundries, Inc., brought this suit here against Crescent City Laundries, Inc., a Maine corporation, numerous residents of Louisiana, several Delaware corporations, several residents of Georgia, one resident of Missouri, one of New York and one of Texas. Nineteen of the individual defendants reside in the Eastern District of Louisiana, where plaintiff also resides. Federal jurisdiction is based upon diversity of citizenship.

The return of service of the original summons and complaint upon Crescent City Laundries, Inc. (hereinafter called "Crescent") shows that service was made on Ernest L. McLean, a clerk of Crescent, at Augusta, Maine. The residents of Georgia were duly served. Defendants residing outside the State of Georgia were served by the marshals in the various districts where they reside, by virtue of an order granted ex parte on August 8, 1949, contemporaneously with the filing of the petition. This order is challenged by many defendants, and is hereafter discussed.

The suit is based upon the same facts as a similar action brought by plaintiff in the Eastern District of Louisiana against most of the defendants named in this action except the Georgia residents, which was dismissed by Judge Wayne G. Borah on December 27, 1949, for lack of jurisdiction. A copy of Judge Borah's opinion is on file.

Tucker v. New Orleans Laundries, D.C., 90 F.Supp. 290. It contains a concise statement of the facts and questions of law involved, and has been freely used.

At the conclusion of the argument, plaintiff filed an elaborate brief which deals with every defense asserted by the various defendants. While the oral argument was largely devoted to questions of jurisdiction and venue, many other questions were discussed, and the court has reached the conclusion that in disposing of this case, it should consider the principal legal defenses which have been urged.

In addition to the question of jurisdiction, on which the case was disposed of by Judge Borah, questions of venue and of jurisdiction of the person were urged by defendants residing outside of Georgia, and the Georgia defendants urged other defenses, which will be briefly noticed hereafter.

The complaint is too voluminous to permit even summarization of all its allegations.

Briefly, the action is a derivative one, brought by the plaintiff as a stockholder of Crescent, for herself and others similarly situated. The complaint is based generally upon two separate transactions, both alleged to be fraudulent. The first is the transaction whereby National Linen Service Corporation was formed. Concerning that, it is charged that Crescent received less of the common stock of the Linen Service Company than it was entitled to receive, due to fraudulent conduct on the part of numerous persons.[1] That transaction was completed in 1928.

The Georgia defendants participated only in this first transaction.

The second transaction was the sale of all Crescent's assets by a Louisiana sheriff in July, 1942. This sale was had pursuant to a judgment rendered in a court of competent jurisdiction against Crescent in a suit to recover on its defaulted bond issue. The Louisiana sheriff's sale divested Crescent of all its property, including the right of action plaintiff here seeks to assert. It is apparent that the second transaction, unless it may be set aside, is a complete bar; but that question need not be considered further than to point it out.

The complaint here, brought by the same plaintiff, seeks the same relief as was sought in the case heard by Judge Borah, and against substantially the same defendants. In addition, it seeks personal judgments against residents of Georgia, particularly against A. J. Weinberg, J. B. Jacobs and I. M. Weinstein, and against Sidney W. Souers, a resident of Missouri, who are alleged to have conspired as voting trustees with B. C. McClellan to divert a part of the common stock to which Crescent was entitled to McClellan and Souers and their associates. There are also certain prayers for declaratory relief as to the 1928 contracts under which National Linen was organized.[2]

1. The group to which Crescent (then Laundry and Dry Cleaning Service) belonged received the common stock it was entitled to under the distribution agreement there made, which called for the delivery of 50,000 shares to Sidney W. Souers, 50,000 to the Southern Linen group, and 50,000 to the Crescent group. It is claimed that the agreement whereby Mr. Souers was to receive 50,000 shares was fraudulent, and that some of the shares allotted to the Crescent group were fraudulently diverted to Crescent's damage. Weinstein, Weinberg and Jacobs, while generally said to be conspirators, are charged only with having participated in this diversion, as voting trustees, without receiving any of the diverted stock. It is apparent, however, that as to the Souers shares, relief would require setting aside a contract made and executed more than twenty years ago.

2. Much litigation has grown out of the organization of National Linen Service Corporation. The complaint here refers to previous litigation by Max N. Kohler, also a stockholder of Crescent, against most of the Louisiana defendants sued here (paragraphs 371 et seq.), reported in Kohler v. McClellan, 5 Cir., 156 F.2d 908, and a later decision in Kohler v. Humphrey, 5 Cir., 174 F.2d 946, where a decision adverse to Kohler in Kohler v. McClellan, D.C., 77 F.Supp. 308, was affirmed. It is contended that the adjudications there made do not conclude the plaintiff. It is not necessary to de-

### Construction of the Complaint

■ Plaintiff claims that the action is in rem, or quasi in rem, so that service may be perfected under § 1655 of the revised Judicial Code, 28 U.S.C.A. § 1655. With this contention, the court cannot agree. Clearly the action is in personam, since it seeks only the recovery of personal judgments. The fact that the wrongs complained of are fraudulent acts resulting in the loss of corporate shares does not operate to make the suit one in rem. 2 Moore's Federal Practice, 2d Ed., § 4.34, pp. 1009, 1010.

### Conclusions

Many of the questions raised by the briefs filed upon both sides need not be discussed. Nor is it necessary to determine the issues of fact which the pleadings present. This is so because the court is of the opinion that the complaint must be dismissed for the reasons hereinafter stated.

1. The Court Is Without Jurisdiction.

Here jurisdiction is based solely upon diversity of citizenship—indeed there is no other basis for invoking federal jurisdiction.

■ It has been many times decided that federal jurisdiction is lacking if any indispensable defendant is a citizen of the same State as any plaintiff.[3]

As to this point, the decision here could well be rested upon the opinion of Judge Borah in the suit brought by the same plaintiff against most of the same defendants. Every argument here made in support of federal jurisdiction was there examined and rejected.

There is some difference in parties, but it would seem that as to all the defendants who were sued in the case considered by Judge Borah, the judgment there entered is res judicata. Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85.

But it is not necessary to rest a decision upon that point. Here the plaintiff is a citizen of Louisiana. Many defendants are alleged to also reside in Louisiana. Accordingly, upon the face of the petition diversity does not exist.

Plaintiff apparently concedes this much, but contends that the question of jurisdiction must be approached as if Crescent, alleged to be a corporation of Maine, a State in which none of the other defendants resides, were the only party plaintiff, the plaintiff herself being treated not as an actual party, but as a sort of prochein ami for the corporation.

■ But the argument is not sound. The plaintiff, in whatever capacity she may appear, is a party here and cannot be treated as absent or nonexistent for jurisdictional purposes. Kelley v. Queeney, D.C., 41 F. Supp. 1015, and cases there cited.

■ Crescent is an indispensable party. Here it is named as a defendant. Plaintiff contends, however, that, for jurisdictional purposes, it should be realigned as a plaintiff. Judge Borah thought this could not be done, because of the allegations of the complaint, made there and here, that the corporation is in hostile hands. I concur in the conclusion stated in his opinion, for it seems to be required by the principles decided in Doctor v. Harrington, 196 U.S. 579, 25 S.Ct. 355, 49 L.Ed. 606, and the later case of Koster v. (American) Lumbermen's Mutual Casualty Co., 330 U.S. 518, 67 S. Ct. 828, 91 L.Ed. 1067. It is also supported by J. R. A. Corp. v. Boylan, D.C., 30 F. Supp. 393, affirmed on opinion below, 2 Cir., 109 F.2d 1018.

■ But the jurisdiction of a federal court is to be determined by the pleadings, and it is incumbent upon the plaintiff to allege jurisdictional facts. Parties may be realigned according to interest, unless some allegation of the plaintiff prevents, but realignment here would not save jurisdiction, for even if Crescent is treated as a plaintiff instead of a defendant as the com-

---

cide that question here, but the reported cases may be read for further development of the facts.

3. Blake v. McKim, 103 U.S. 336, 26 L.Ed. 563; Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85;

Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, headnote 3; Thomson v. Butler, 8 Cir., 136 F.2d 644; Wells v. Universal Pictures Co., D.C., 64 F.Supp. 852; Kelley v. Queeney, D.C., 41 F. Supp. 1015, 1017.

plaint makes it, the stockholder plaintiff, Mrs. Tucker, is still a party plaintiff and is still a citizen of the same State as numerous defendants.

Plaintiff contends that the question of jurisdiction is resolved by § 1401 of the Revised Judicial Code, 28 U.S.C.A. § 1401, which provides that any civil action by a stockholder on behalf of his corporation may be brought in any district where the corporation might have sued the same defendants.

It is strongly argued that the section is one conferring jurisdiction upon federal courts, not one fixing the venue of suits of which Federal courts would otherwise have jurisdiction, and that under it the citizenship of the corporation only is to be considered in determining the question of jurisdiction.

The argument could well be answered by saying that even so the corporation could not sue in this district, since it does not reside here and some of the defendants reside elsewhere, see 28 U.S.C.A. § 1391. But § 1401 does not operate to create diversity where none exists; it merely provides an additional venue where the suit may be brought. 3 Moore's Federal Practice, § 23.21, p. 3542. Consequently it does not help plaintiff here.

I conclude, as did Judge Borah, that diversity of citizenship is lacking and federal jurisdiction does not exist.

2. Indispensable Parties May Not Be Joined, Because They Reside in Same State as Plaintiff.

What has been said would seem to be sufficient. But there are Georgia defendants, as to whom there is diversity with reference to the stockholder plaintiff, and it might be said that the Louisiana defendants whose presence defeats jurisdiction should be stricken and the suit permitted to proceed as against the Georgia defendants.

This exact point was not before Judge Borah, although defendants who were nonresidents of Louisiana were joined there and dismissed.

Here, many Louisiana defendants are indispensable parties, incuding Finke, Trustee, the plaintiff in the Louisiana proceedings in which Crescent's assets were sold, and Ralph C. Lally, surviving representative of the Bondholders' Protective Committee, who were the purchasers at the sale. (Complaint, paragraphs 336, 337.) No request has been made by the plaintiff to dismiss these Louisiana defendants, and the court must decide the case as it stands. Even if such a motion had been made, the granting of this relief and the dismissal of these defendants, particularly Lally, the purchaser, would raise serious doubts regarding the jurisdiction of this court to entertain the complaint at all.[4]

No effective decree could be entered without affecting the rights and interests of Finke, Trustee, Lally and associates, members of the Bondholders' Protective Committee, and the bondholders whom they represent, or, as was said in Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158, "leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." See also Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Ettenberg v. Blair, D.C., 36 F.2d 989, 990; Kelley v. Queeney, supra.

Consequently, even if the complaint could otherwise be sustained as against the Georgia defendants, the rule stated would require its dismissal.

---

4. In Kohler v. McClellan, 5 Cir., 156 F.2d 908, a case involving the identical assets here involved, the Circuit Court ruled at page 910 of 156 F.2d, "Therefore, in the absence of the owner of all claims of Crescent sold at the Sheriff's sale (Ralph C. Lally and associates, the Bondholders' Protective Committee, who are the owners here referred to) the court below could only adjudicate upon the claims connected with and arising out of the sale itself." The balance of the opinion and subsequent reports of the litigation, D.C., 77 F.Supp. 308, affirmed Kohler v. Humphrey, 5 Cir., 174 F.2d 946, disclose that the only claim reserved was the claim against the estate of McClellan for damages "growing out of the alleged plan to wreck Crescent and the consequential sheriff's sale of Crescent's assets under said plan." 156 F.2d top page 914.

**3.** Various Nonresident Defendants Are Not Properly Before the Court.

Sidney M. Souers and New Orleans Laundries, Inc., are indispensable parties who do not reside in Louisiana. Both have appeared specially to challenge the validity of the service upon them, the jurisdiction of this court of their persons, and the propriety of the venue. Souers resides in Missouri, and New Orleans Laundries, Inc., is a corporation of Delaware without a Georgia domicile.

 Ordinarily the processes of a federal district court do not run beyond the limits of the State. Rule 4(f), Rules of Civil Procedure, 28 U.S.C.A.

An exception is made by statute in certain actions in rem or to enforce liens upon property within the district. Section 1655, Revised Judicial Code. 28 U.S.C.A. § 1655.

But plaintiff has no lien, and, as has been seen, the action is not one in rem. Consequently the service challenged by various nonresident defendants, including Souers, Charles Allen, Jr., a resident of New York, New Orleans Laundries, Inc., and the Louisiana defendants, is bad, and their motions to quash should be sustained.

A defendant may waive questions of venue and of jurisdiction of the person and consent to be sued anywhere. But Souers and New Orleans Laundries have not done so. Their privilege not to be sued in this court has been seasonably asserted, and must be sustained. Macon Grocery Co. v. Atlantic Coast Line, 215 U.S. 501, 508, 30 S.Ct. 184, 54 L.Ed. 300; Burckhardt v. Northwestern Nat'l Bank et al., 9 Cir., 38 F.2d 568, 573.

The service upon Souers and the other nonresident defendants was made pursuant to the ex parte order of August 8, 1949, apparently issued upon the idea that 28 U.S.C.A. § 1655 is applicable.

As has been seen, the section does not apply, for the action is one in personam. Consequently, the ex parte order could not authorize effective service when the statute does not, and must be treated as having been improvidently granted. 2 Moore's Federal Practice, 2d Ed. § 4.34, pp. 1009,

1010; McQuillen v. Dillon et al., 2 Cir., 98 F.2d 726; McQuillen v. National Cash Register Co., 4 Cir., 112 F.2d 877.

The Georgia defendants in their pleadings moved to dismiss the case against them on many additional grounds. Principally, it is alleged that the claims against the Georgia residents are barred by the statute of limitations and by laches, and that the action can not be maintained because the plaintiff does not offer to do equity. While, as heretofore stated, these points are discussed in the brief filed by the plaintiff, yet the court confined the oral argument to the questions which have heretofore been discussed, and has not had full argument upon the questions raised by the Georgia defendants, and since the case is dismissed for the reasons hereinabove set forth, these defenses and others raised by the Georgia defendants are not discussed or passed upon.

For all of the reasons herein stated, this court is of the opinion that plaintiff's action should be dismissed, and it will be so ordered.