# United States Court of Appeals
## For the First Circuit

No. 04-1744

ANNE GABRIEL,

Plaintiff, Appellant,

v.

EDWARD G. PREBLE ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Selya, Circuit Judge,

Campbell, Senior Circuit Judge,

and Lipez, Circuit Judge.

Cornelius J. Moynihan, Jr., with whom Nixon Peabody LLP was on brief, for appellant.
Allen V. Farber, with whom Robert D. Hillman, Deutsch Williams, Brooks, DeRensis & Holland, P.C., and Gardner, Carton & Douglas, LLP were on brief, for appellee Edward G. Preble.
George A. Berman, with whom Marjunette deMagistris and Peabody & Arnold LLP were on brief, for appellee James L. Ackerman.

January 19, 2005

**SELYA**, **Circuit Judge**.  In this diversity case, we are called upon to determine the proper alignment of the parties to a shareholder's derivative action.  We conclude that the corporation must be aligned as a defendant.  Because that alignment destroys complete diversity, we affirm the dismissal of the action for want of federal subject matter jurisdiction.

When an appeal turns on the existence vel non of subject matter jurisdiction and there has been no evidentiary hearing, we accept at face value the facts alleged in the operative pleading (here, the amended complaint), drawing all reasonable inferences in the plaintiff's favor.  See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).  This is such an instance.

On October 20, 1999, Richard Gabriel and Edward Preble formed a Virginia corporation, Stratin Consulting Inc.  Stratin's business was to provide management consulting services.  Each founder held a fifty percent ownership interest.  Gabriel served as president; Preble served as vice-president-treasurer; and the two men comprised the entire membership of the board of directors.

At the start, Stratin maintained its principal place of business in Virginia, where Gabriel lived and worked.  Preble, a citizen of New Hampshire, worked principally from Massachusetts.

Gabriel passed away in 2001.  His widow, plaintiff-appellant Anne Gabriel, inherited his equity interest in the corporation.  She claims that after her husband's death Preble took

several steps designed to give him total control of Stratin, drain its assets, and "freeze [her] out." She alleges, among other things, that Preble, with the connivance of the company's lawyer, James L. Ackerman, covertly appointed a "straw" to the vacancy on the board of directors caused by Gabriel's death; that Preble refused to furnish the plaintiff with information concerning the company's finances; that Preble and Ackerman neglected to hold an annual meeting as required by the bylaws; and that the board arbitrarily increased Preble's salary to ensure that there would be no profits remaining for distribution to the shareholders.

The plaintiff responded to this course of conduct by filing suit in the United States District Court for the District of Massachusetts against Preble and Ackerman. She charged breach of fiduciary duty and wrongful diversion of corporate assets, sought an accounting, and prayed for damages of $1.5 million. The defendants answered the complaint and moved to dismiss for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The motion pointed out that, under Virginia law, a shareholder could not directly sue a corporate officer or director for breach of fiduciary duty; rather, such a suit must be brought as a derivative action on behalf of the corporation.

Because the motion to dismiss was untimely, see Fed. R. Civ. P. 12(b) (requiring that such a motion be filed before the movant has answered the complaint), the district court treated it

as a motion for judgment on the pleadings, see Fed. R. Civ. P. 12(c). The court concluded that Virginia law required the suit to be brought as a derivative action. It therefore dismissed the complaint with leave for the plaintiff to join Stratin and file an amended "derivative action" complaint.

The plaintiff served her amended complaint within the time allotted. In it, she purported to sue "derivatively on behalf of Stratin Consulting Inc." She did not, however, formally denominate Stratin as a party.

The defendants moved to dismiss the amended complaint for, among other things, lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). They posited that the corporation was an indispensable party to the suit; that it should be aligned as a defendant; and that the plaintiff's assertion of diversity jurisdiction could not survive such an alignment. The district court granted the motion to dismiss without opinion. This appeal ensued.

We review de novo the legal basis of a dismissal for want of subject matter jurisdiction. Valentin, 254 F.3d at 365. We may affirm the order of dismissal on any ground fairly presented by the record. See Houlton Citizens' Coalition v. Town of Houlton, 175 F.3d 178, 184 (1st Cir. 1999).

The district court's order did not state its reason for dismissing the amended complaint. The defendants labor to fill

-4-

this void, offering a salmagundi of possible reasons. We think it best to cut through this asseverational array and focus on their principal argument: that the corporation must be aligned as a defendant, thereby destroying complete diversity.

The parties agree that this case is controlled, in the first instance, by the substantive law of Virginia. See Lexington Ins. Co. v. Gen. Accid. Ins. Co., 338 F.3d 42, 46 (1st Cir. 2003) (noting that in diversity cases a district court must apply the choice of law principles of the forum state); Harrison v. NetCentric Corp., 744 N.E.2d 622, 628 (Mass. 2001) (reaffirming that Massachusetts adheres to the "internal affairs doctrine," which applies the law of the state of incorporation to cases involving corporate governance). The parties also agree that Virginia law requires bringing the suit as a shareholder derivative action.[1] See Simmons v. Miller, 544 S.E.2d 666, 675 (Va. 2001) (holding that, under Virginia law, a shareholder may not directly bring suit against an officer or director for breach of fiduciary duty). Thus, the plaintiff's suit is properly characterized as a derivative action.

---

[1]Virginia's rule in this respect accords with the majority view. That view, however, is not universally held. Some jurisdictions allow a shareholder to bring suit directly against an errant officer or director (at least when a close corporation is involved). See, e.g., Donahue v. Rodd Electrotype Co., 328 N.E.2d 505, 515-16 (Mass. 1975). In such a jurisdiction, a suit against an officer or director may be maintained without joining the corporation as a party.

This characterization has consequences. Pertinently, it means that the corporation is an indispensable party within the meaning of Fed. R. Civ. P. 19 (which requires the joinder of parties "needed for just adjudication"). See Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 522-23 & n.2 (1947) (holding that the corporation is a necessary party in a derivative suit). This procedural point supplies the foundation on which the defendants construct their principal argument.

We assume arguendo that Mrs. Gabriel, in conformity with the district court's ukase, amended her complaint to reflect that she was bringing a derivative suit on behalf of Stratin. If the corporation were properly positioned as a plaintiff (as Mrs. Gabriel contends), this would arguably be a sufficient, if inelegant, way of effecting a joinder. We therefore proceed directly to the question of whether the district court had jurisdiction over the suit once the corporation was included as a party. We conclude that it did not.

The only colorable basis for federal jurisdiction over this case is diversity. See 28 U.S.C. § 1332(a) (conferring jurisdiction on federal courts to hear and determine suits between citizens of different states, as long as the amount in controversy exceeds $75,000). Diversity jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant. Strawbridge v. Curtiss, 7 U.S. (3

Cranch) 267, 267 (1806); Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004). Here, the plaintiff is a citizen of Virginia. The defendants Preble and Ackerman are citizens of New Hampshire and Massachusetts, respectively. There is thus complete diversity among these litigants.

But the case encompasses more than these three individuals; the corporation is an indispensable party. See Koster, 330 U.S. at 522-23 & n.2; see also Fed. R. Civ. P. 19. It therefore must be aligned on one side or the other. This addition threatens to unbalance the jurisdictional equation because Stratin, which is incorporated under the laws of Virginia, is deemed a citizen of that state for diversity purposes. See 28 U.S.C. § 1332(c) (ordaining that, for jurisdictional purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated").[2] Consequently, the existence of

_____

[2]Arguably, the corporation also may be a citizen of Massachusetts. In her amended complaint, the plaintiff alleged that the individual defendants moved most of Stratin's funds to a bank account in Massachusetts, shifted payroll administration there, and changed the principal office address to a Massachusetts location. If these facts are true, a good case likely can be made that Stratin had its principal place of business in Massachusetts when the plaintiff sued. That would make Stratin a citizen of both Virginia and Massachusetts, see 28 U.S.C. § 1332(c) (providing, inter alia, that a corporation also shall be deemed a citizen "of the State where it has its principal place of business"), would place Massachusetts citizens on each side of the case and, thus, destroy complete diversity even if Stratin were aligned as a plaintiff.

complete diversity (and, thus, of federal jurisdiction) depends, in the first instance, on whether the corporation should properly be aligned as a plaintiff or a defendant: if as a plaintiff, complete diversity exists (subject, however, to the caveat limned in note 2, supra); if as a defendant, there will be Virginia citizens on opposing sides of the case and, thus, incomplete diversity.

As a formal matter, corporations generally are styled as defendants in derivative suits. See 7C Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1822 (1986) (collecting cases). When determining whether diversity jurisdiction exists, however, courts are not bound either by formalistic styling or by the alignment specified in the pleadings. Rather, an inquiring court should look beyond these formalities and attempt to determine, to the extent practicable, the actual interests of the parties. See City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69-70 (1941). Only after the parties have been realigned to match their actual interests can a decision be made as to whether complete diversity exists. Id.

Against this backdrop, the plaintiff argues that because a derivative suit is prosecuted on behalf of the corporation and any recovery will accrue to it, the corporation should be deemed a plaintiff. The general rule is to this effect. See Koster, 330 U.S. at 522-23.

Like almost every general rule, this rule is littered with caveats. A century ago, the Supreme Court created a prominent exception. The Court held that when the corporation is adverse to the plaintiff's derivative suit, the ordinary presumption bursts and the corporation should be aligned as a party defendant. See Doctor v. Harrington, 196 U.S. 579, 587 (1905). A corporation is deemed adverse to a derivative suit when, regardless of the reason, the corporation's management opposes the maintenance of the action. Smith v. Sperling, 354 U.S. 91, 96-97 (1957).

This prominent exception has both theoretical and practical implications. Conceptually, it will often be the case that management does not believe a derivative suit is in the corporation's best interests and, therefore, chooses to resist it. When management takes such a tack, the corporation and the plaintiff are actually adverse. Id. at 97-98; Doctor, 196 U.S. at 587-88. After all, it is the prerogative of management — the board of directors and the ranking officers — to set policy for the corporation.

From a pragmatic standpoint, the exception frequently has the effect of preserving diversity jurisdiction. More often than not, the directors and ranking officers (who are the real defendants in a derivative suit) will be citizens of the same state as the corporation. If corporations were invariably aligned as plaintiffs in derivative suits, complete diversity would evaporate

in a large number of cases and federal courts would be inaccessible in those situations.  See Doctor, 196 U.S. at 587; see also 7C Wright, Miller & Kane, supra § 1822.

The Supreme Court has admonished courts to attempt to determine whether the corporation is adverse from the face of the pleadings, as opposed to launching an extended evidentiary inquiry. Sperling, 354 U.S. at 95-97.  Limiting the adversity inquiry to the pleadings has the salutary effect of ensuring predictability and efficiency in jurisdictional determinations.  It simultaneously relieves district courts of the burden of engaging in prolonged proceedings — oftentimes necessarily touching on the merits of the dispute — merely to determine whether federal jurisdiction exists. Id. at 97.

In most cases, it will be possible to heed the Sperling Court's admonition because the Civil Rules require a derivative suit plaintiff to describe what efforts she has made "to obtain the action the plaintiff desires from the directors . . . and the reasons for the plaintiff's failure to obtain the action or for not making the effort."  Fed. R. Civ. P. 23.1.  This case is well within the mine-run.  Based on the facts contained in the pleadings, we conclude, without serious question, that the corporation must be aligned as a party defendant.

The two named defendants, Preble and Ackerman, are the only officers and effectively control the operation of the

business. Preble and an ally are the sole directors. And the plaintiff, in an apparent effort to fulfil her obligations under Rule 23.1, has attested that she did not ask either the defendants or Stratin's board of directors to take any ameliorative action before filing suit because she realized that any attempt to do so would be futile.

To cinch matters, Preble and Ackerman have, from the inception of the litigation, fought the suit tooth and nail. The reason is not hard to fathom: the entire theory of the plaintiff's case is that these two men have acted wrongfully to minimize the plaintiff's role in the corporation's activities and to devalue her equity interest. Under these circumstances, we are constrained to conclude that Stratin is hostile to the suit. It must, therefore, be aligned as a party defendant.

The plaintiff's only response to this reasoning is that the usual rules for aligning corporations in derivative suits should not be given effect in a case involving a close corporation with two fifty percent shareholders. It would be "highly artificial," she argues, to apply these rules to what is essentially a contretemps between two equal partners. The plaintiff's argument founders on three shoals.

First, even if we were to view this case as a dispute between the two shareholders, the corporation is an indispensable party and, given its separate legal personality, must be treated

independently from the two shareholders. Consequently, the corporation must be aligned somewhere. Yet the plaintiff never satisfactorily explains why we should align the corporation on her side of that dispute rather than on Preble's.

Second, the plaintiff overlooks the fact that, although she owns half of Stratin, its management is firmly in the opposition camp. While we have no reason to doubt the sincerity of the plaintiff's claim that she is looking out for the corporation's best interests, we are similarly without reason to doubt the defendants' claim that it is they, rather than the plaintiff, who have the welfare of the corporation at heart. And it is the individual defendants who, as the current management, enjoy the prerogative of deciding what is in the best interests of the company at the moment. See Sperling, 354 U.S. at 96-97. So long as they consider the plaintiff's suit contrary to those interests, the plaintiff and the corporation are adverse for the purposes of determining the existence vel non of diversity jurisdiction. Id.

Last — but far from least — the Sperling Court gave no indication that it might be willing to carve out a separate jurisprudence for close corporations. Other courts have refused to do so, see, e.g., Frank v. Hadesman & Frank, Inc., 83 F.3d 158, 161-62 (7th Cir. 1996); Ono v. Itoyama, 884 F. Supp. 892, 900-01 (D.N.J. 1995), aff'd 79 F.3d 1138 (3d Cir. 1996), and we deem ourselves bound by Sperling. A straightforward application of the

principles set forth therein requires that Stratin be aligned as a party defendant.[3]

We need go no further. It is incumbent on the federal courts, as courts of limited jurisdiction, to be scrupulous in applying the tenets that define the limits of their subject matter jurisdiction. This suit falls outside those boundaries. Accordingly, given the want of federal subject matter jurisdiction, we affirm the district court's dismissal of the case. That dismissal operates, of course, without prejudice to the plaintiff's right to pursue her action in a state court of competent jurisdiction.

**Affirmed**.

---

[3]We are cognizant of the <u>Sperling</u> Court's admonition that it was not laying down a mechanical rule as to the alignment of parties in derivative suits. 354 U.S. at 97. We leave open the possibility that other cases may present sufficiently unusual facts to justify departing from the conventional paradigm. Here, however, we find no compelling reason to deviate from standard practice.