**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2680

EDDIE OTERO-VARCALCEL,
Plaintiff, Appellant,

v.

RAMON CANTERO-FRAU, in his personal capacity; WILLIAM RIEFKOHL,
in his personal and official capacity as Executive Director of
the Puerto Rico Industrial Development Company; BLANCA I. MERA,
in her personal capacity; CARMEN GONZÁLEZ, in her
personal capacity; ARMANDO PORTALATÍN, in his personal
capacity; HILDA RIVERA-SANTIAGO, in her personal capacity;
JOHN DOE 02CV1685; RICHARD ROE 02CV1685; PUERTO RICO
INDUSTRIAL DEVELOPMENT COMPANY,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before
Lynch, Lipez, and Howard, Circuit Judges.

Carlos R. Ramirez and John F. Nevares & Associates, PSC on
brief for appellant.
Roberto J. Sánchez-Ramos, Solicitor General, Kenneth Pamias-
Velázquez, Deputy Solicitor General, and Irene S. Soroeta-Kodesh,
Assistant Solicitor General, on brief for appellees Ramón Cantero-
Frau, William Riefkohl, Blanca I. Mera, Carmen González, Armando
Portalatín and Hilda Rivera-Santiago, in their individual
capacities.
Carl Schuster, Mariela Rexach Rexach and Schuster Usera &
Aguiló LLP on brief for appellee William Riefkohl, in his official
capacity.

February 18, 2005

**Per Curiam**.   Plaintiff Eddie Otero-Varcálcel sued his employer, the Puerto Rico Industrial Development Company (PRIDCO),[1] and several fellow employees, claiming, inter alia, that he had been systematically stripped of his duties and responsibilities because of his political affiliation in violation of his First Amendment rights.  Otero, who is a member of the New Progressive Party (NPP), alleges that these privations occurred following the 2000 election in which the Popular Democratic Party (PDP) took power in Puerto Rico (and control of PRIDCO).  At the conclusion of discovery, the  district court awarded the defendants summary judgment, because Otero held a policy-making position for which political affiliation is a permissible requirement.  In so ruling, the court considered only the evidence submitted by the defendants because Otero's opposition papers were not timely filed.

Otero's principal appellate argument is that the district court abused its discretion when it declined to take account of his opposition materials, which were due within ten days of the filing of the defendants' motion.  See D.P.R. L.R. 311.5, 311.12 (2002) (repealed 2004) (imposing a ten-day response deadline and authorizing the court to deem admitted any material facts not

---

[1]PRIDCO is a Puerto Rico public corporation created to "promote, persuade and induce private capital to initiate and maintain in operation . . . all kinds of commercial, cooperative or mining operations . . . ."  23 P.R. Laws Ann. § 275 (2002).

controverted by timely opposition).[2]  After repeated requests for extensions, only the first of which was granted, Otero submitted his opposition four days after the extended deadline (and one day beyond the final date he requested).

"This court has held repeatedly that the district court in Puerto Rico is justified in holding one party's submitted uncontested facts to be admitted when the other party fails to file oppositions in compliance with local rules."  Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003) (collecting cases). Here, the court explained that it was rejecting Otero's submission not only because it was untimely, but also because Otero had previously ignored a discovery order and had played a "prominent role" in delaying the entire pretrial process.  The court was within its discretion in ruling as it did.  See Young v. Gordon, 330 F.3d 76, 81-82 (1st Cir. 2003) (affirming district court's sanction of dismissal for, inter alia, noncompliance with court orders and failing to meet self-imposed deadlines).

Otero also challenges the merits of the summary judgment ruling, but he provides us with no basis for upsetting the judgment.  "[W]hen a trial court accurately sizes up a case, applies the law faultlessly to the discerned facts, decides the matter, and articulates a convincing rationale for the decision,

---

[2]Local Rule 311 was replaced with Local Rule 7.1, effective April 5, 2004, which maintains the ten-day requirement.

there is no need for a reviewing court to wax longiloquent." Vargas-Ruiz v. Golden Arch Development, Inc., 368 F.3d 1, 2 (1st Cir. 2004). We therefore add only the following brief comments.

The district court's ruling was rooted in a determination, based on the job description submitted by the defendants with their summary judgment papers, that Otero held a policy-making position at PRIDCO, and thus could be demoted or terminated because of his political affiliation.[3] See Rutan v. Repub. Party of Ill., 497 U.S. 62 (1990); Branti v. Finkel, 445 U.S. 507 (1980); Elrod v. Burns, 427 U.S. 347 (1976). Otero contends that the evidence he submitted, whichkfg the court did not consider, generated a trialworthy issue as to whether, in fact, he held a policy-making position. But the evidence Otero attempted to introduce showed only that Otero had not personally wielded many of the policy-making powers listed in the job description. This argument fails because "the analysis must focus upon the powers inherent in a given office, as opposed to the functions performed by a particular occupant of that office." O'Conner v. Steeves, 994 F.2d 905, 911 (1st Cir. 1993) (citation and internal quotation marks omitted). The official job description is the best objective

---

[3]Otero holds the position of Director of Labor Relations, which is listed in the trust service as one of free selection and removal. The position's responsibilities include, among other things, formulating and implementing the public policy related to labor relations, advising PRIDCO's Executive Director and other high-ranking managerial personnel, administering the assigned office budget, and establishing contacts with high-level officials in both the private and public sectors.

-4-

evidence of the powers inherent in a given office.  See Mendez-Palou v. Rohena-Betancourt, 813 F.2d 1255, 1260 (1st Cir. 1987). Thus, the defendants would have been entitled to summary judgment even had Otero's materials been considered.

**Affirmed**.