# United States Court of Appeals
## For the First Circuit

---

No. 05-2483

JOSEPHINE STOLL,

Plaintiff, Appellant,

v.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before

Selya, Lipez and Howard,

Circuit Judges.

---

Nicolas Nogueras-Cartagena and Carmen Eva Garcia-Cardenas on brief for appellant.
Peter D. Keisler, Assistant Attorney General, H. S. Garcia, United States Attorney, Marleigh D. Dover and Teal Luthy Miller, Attorneys, Appellate Staff, Civil Division, United States Department of Justice, on brief for appellees.

---

June 7, 2006

---

**SELYA**, <u>Circuit Judge</u>. This case arises out of what is alleged to have been discriminatory action by a government employer. After testing the waters in two different administrative fora, the claimant abruptly repaired to the federal district court. That court rejected her importunings on procedural grounds. Concluding, as we do, that the claimant's original election of remedies barred her subsequent attempt to sue, we affirm the dismissal of her action.

Because the district court acted dispositively on a motion to dismiss, we glean the few facts that are necessary to an undertaking of this appeal from the amended complaint (supplemented, for the sake of completeness, by certain undisputed facts). <u>See</u> <u>Redondo-Borges</u> v. <u>U.S. Dep't of Hous. & Urban Dev.</u>, 421 F.3d 1, 4 (1st Cir. 2005).

Plaintiff-appellant Josephine Stoll worked in the human resources office of the Veterans Affairs Medical Center in San Juan, Puerto Rico from 1987 until the termination of her employment on September 28, 2001. The appellant alleges that the controlling agency, the Department of Veterans Affairs (V.A.), created a hostile work environment and unlawfully discharged her based on her age (fifty-nine) and her deteriorating health. She also alleges that the V.A.'s stated justification for her ouster — an accumulation of warnings and admonishments related to workplace

attendance and leave policies — resulted directly from arbitrary harassment by her supervisors.

Initially, the appellant chose to challenge her discharge before the Merit Systems Protection Board (the Board). See 5 C.F.R. § 1201.22. In this administrative appeal, filed on October 10, 2001, she charged that discriminatory motives had prompted her firing.[1] After she had asked to postpone an upcoming hearing due to her failing health, the Board dismissed her administrative appeal without prejudice.

On February 10, 2002, the appellant refiled her administrative appeal. This time it went forward and, four months later, the Board affirmed the V.A.'s decision to terminate her employment. See Stoll-Roche v. Dep't of Veterans Affairs, No. NY-0752-02-0028-I-2 (M.S.P.B. June 12, 2002). The Board thereafter denied the appellant's subsequent petition for further review. See Stoll-Roche v. Dep't of Veterans Affairs, 94 M.S.P.R. 486 (2003) (table).

While these proceedings were ongoing, the appellant contacted a V.A. equal employment opportunity (EEO) counselor. She filed a formal EEO complaint with the agency on May 2, 2002. The agency dismissed the complaint. Undaunted, the appellant sought

---

[1]In such circumstances, an appeal filed with the Board is termed a "mixed case," that is, an appeal alleging that "an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap, or age." 29 C.F.R. § 1614.302(a)(2).

review of that decision before the Equal Employment Opportunity Commission (the Commission). The Commission affirmed the dismissal on the ground that the appellant had a proceeding pending before the Board. See Stoll-Roche v. Principi, E.E.O.C. Appeal No. 01A23304 (Oct. 11, 2002) (citing 29 C.F.R. § 1614.107(a)(4)).

The appellant next commenced an action in the United States District Court for the District of Puerto Rico. She named a gaggle of defendants, including the Secretary of Veterans Affairs (the Secretary).[2] Her amended complaint raised a gallimaufry of claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, and local law, see P.R. Laws Ann. tit. 29, §§ 146, 185a. The Secretary moved to dismiss the action on divers grounds. See Fed. R. Civ. P. 12(b). The court referred the matter to a magistrate judge, see Fed. R. Civ. P. 72(b), who concluded, inter alia, that federal law preempted the local law claims; that Title VII did not cover the charges of age and disability discrimination; and that the ADEA and Rehabilitation Act claims ought to be dismissed for failure to exhaust administrative remedies. See Stoll v. Principi, No. 02-

_____

[2]Because it is crystal clear that the Secretary is the only proper defendant, see 42 U.S.C. § 2000e-16(c), we do not rehearse the roster of other defendants. Rather, we henceforth refer to the Secretary as if he were the sole defendant.

2761, slip op. at 8-14 (D.P.R. Feb. 1, 2005) (unpublished). On that basis, the magistrate judge recommended dismissal of the entire action. Id. at 16.

The appellant objected to the magistrate judge's report and recommendation. The district court reviewed the matter de novo, see Fed. R. Civ. P. 72(b), adopted the report and recommendation, and dismissed the suit. This timely appeal followed.

Our standard of review is familiar. We assess the district court's order of dismissal de novo, taking as true the well-pleaded facts contained in the amended complaint and drawing all reasonable inferences therefrom in the appellant's favor. Garrett v. Tandy Corp., 295 F.3d 94, 97 (1st Cir. 2002); Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). We are not wedded to the lower court's rationale but may affirm the order of dismissal on any ground made manifest by the record. See Gabriel v. Preble, 396 F.3d 10, 12 (1st Cir. 2005).

We begin with the basics. A federal employee who claims to have been cashiered for discriminatory reasons typically may challenge that adverse employment action along either of two routes. For one thing, she may appeal to the Board. See 5 C.F.R. § 1201.151. Alternatively, she may lodge an EEO complaint with her agency. See 29 C.F.R. § 1614.103(a). An aggrieved employee (or, as in this case, an aggrieved former employee) has a choice between

these two options — but she may not avail herself of both.  See 29 C.F.R. § 1614.302(b) (recognizing that once a formal appeal or complaint is filed in either forum, it "shall be considered an election to proceed in that forum"); see also Castro v. United States, 775 F.2d 399, 404 & n.5 (1st Cir. 1985) (per curiam).  The lodging of either a formal appeal with the Board or a formal complaint with the agency demarcates the point of no return.  See 29 C.F.R. § 1614.302(b).  From that point forward, the complainant must exhaust her claim in the chosen forum.  See Economou v. Caldera, 286 F.3d 144, 149 (2d Cir. 2002) (holding that a federal employee who had first filed a formal appeal with the Board was required to exhaust his administrative remedies in that forum and could not move at will to the other track).

The Commission's regulations highlight the mutually exclusive nature of the two fora.  They provide explicitly that "the agency shall dismiss an entire complaint . . . [w]here the complainant has raised the matter . . . in an appeal to the [Board]."  29 C.F.R. § 1614.107(a).  The Commission dismissed the appellant's complaint on precisely that ground.[3]

_____

[3]To be sure, the two remedial paths do reach a crossroads. Upon the Board's issuance of a final decision, the appellant could have petitioned the Commission to review that decision.  See 5 U.S.C. § 7702(b)(1) (providing for Commission review of certain Board decisions); see also 5 C.F.R. § 1201.161; 29 C.F.R. § 1614.303(a).  Here, however, the appellant never pursued this possibility.

This election of remedies doctrine is dispositive here. The appellant initially filed an appeal with the Board on October 10, 2001, and refiled it on February 10, 2002. By pressing that appeal, she made an election of remedies. Thus, when she subsequently attempted to switch horses in mid-stream and filed a formal EEO complaint with the agency on May 2, 2002 — during the pendency of her appeal before the Board — that filing was a nullity.

To say more would be to paint the lily. With two remedial paths open to her, the appellant chose to test the legitimacy of her termination by filing a formal appeal with the Board. The proceedings before the Board were in full flower when she reversed direction and submitted a formal EEO complaint. Having elected to travel one path (before the Board), she forfeited her right simultaneously to explore the alternative path (before the Commission).

Of course, the Board process that the appellant elected to pursue did not exclude her from all access to the courts. See, e.g., 5 C.F.R. § 1201.120 (providing for review of final Board decisions in the Court of Appeals for the Federal Circuit). Moreover, this is a mixed case, see supra note 1, so the appellant, qua complainant, could have filed a civil action in an appropriate federal district court within thirty days after receiving the Board's final decision. See 5 C.F.R. § 1201.175. In either event,

however, the complainant must wait until the Board takes final action before seeking judicial review. See 5 U.S.C. § 7702(a)(3); 5 C.F.R. §§ 1201.157, 1201.161(b). The appellant jumped the gun and, thus, cannot fit her action into this integument.

The reason for the appellant's premature commencement of an action in the district court seems readily evident. She apparently envisioned her suit as an attempted extension of the EEO process (the record strongly suggests that conclusion and her brief on appeal confirms it). But as we have pointed out, the EEO forum was not open to her by the time that she belatedly tried to switch to that track. Her action was, therefore, untenable.

The short of it is that, once a government employee elects to pursue a mixed case before the Board, she is obliged to follow that route through to completion, to the exclusion of any other remedy that originally might have been available. See Economou, 286 F.3d at 150.

There are at least two reasons why this action cannot be salvaged under the judicial review provisions applicable to proceedings before the Board. First, the appellant has proffered no argument along those lines and, therefore, any such claim has been abandoned. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (explaining that "a litigant has an obligation to spell out [her] arguments squarely and distinctly, or else forever hold [her] peace" (citation and internal quotation marks omitted)).

-8-

Second, judicial review of that nature must await a final decision of the Board.  See 5 C.F.R. §§ 1201.157, 1201.161(b).  In this instance, the appellant commenced her district court action on December 3, 2002 — some nine months before the Board issued its final decision.[4]

We need go no further.  For the reasons elucidated above, we hold that this action was improvidently brought in the district court and was, therefore, appropriately dismissed.  Given that holding, we need address neither the other grounds for dismissal limned by the magistrate judge nor the merits of the appellant's claims.

**Affirmed**.

---

[4]The so-called ADEA "bypass" provision does not aid the appellant's cause.  As we explained in Rossiter v. Potter, 357 F.3d 26 (1st Cir. 2004), there are certain conditions precedent attached to the use of that mechanism.  See id. at 29.  There is nothing in the record that indicates the appellant satisfied these conditions, and she does not profess to have done so.