**Not for Publication in West's Federal Reporter**

**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 05-2573

EDDIE OTERO-VALCÁLCEL,

Plaintiff, Appellant,

v.

PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY;
HIRAM RAMÍREZ RANGEL, in his personal and official capacities
as Executive Director of the Puerto Rico Industrial Development
Company; ROCÍO CRUZ-DÍAZ, in her personal capacity;
JOHN DOE; RICHARD ROE,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

---

Before

Torruella, Lynch, and Howard, Circuit Judges.

---

Carlos R. Ramírez and John F. Neváres & Associates, PSC on
brief, for appellant.
Salvador J. Antonetti-Stutts, Solicitor General, Mariana D.
Negrón-Vargas, Deputy Solicitor General, Maite D. Oronoz-
Rodríguez, Deputy Solicitor General, and Irene S. Soroeta-Kodesh,
Assistant Solicitor General, on brief, for the governmental
appellees.
José M. Marxuach-Fagot, Carlos R. Pastrana-Torres, Jaime
Riera, and Goldman Antonetti & Córdova, P.S.C. on brief, for the

individual appellees.

_____

August 4, 2006

_____

**Per Curiam.** On October 7, 2003, the district court entered summary judgment against plaintiff Eddie Otero-Varcálcel on his claims that his then-employer, the Puerto Rico Industrial Development Company (PRIDCO), and several fellow employees, had engaged in unlawful political discrimination by stripping him of duties and responsibilities as PRIDCO's Director of Labor Relations. See Otero-Varcálcel v. Cantero Frau, Civ. No. 02-1685 (PG), slip op. at 1 (D.P.R. Oct. 7, 2003) (opinion and order). The court concluded that the privations Otero suffered did not implicate his federal constitutional rights because Otero held a policy-making position for which political affiliation was a permissible requirement. See id. at 6-9. We affirmed the court's ruling in an unpublished opinion. See Otero-Varcálcel v. Cantero-Frau, 124 Fed. Appx. 662 (1st Cir. 2005).

On March 26, 2004, some five months after the district court's ruling, Hiram Ramírez Rangel, PRIDCO's Executive Director, terminated Otero's employment. Thereafter, PRIDCO (through its agents) rebuffed Otero's repeated requests that he be reinstated to a career position within PRIDCO. On August 20, 2004, Otero brought the present action, in which he alleges entitlement to reinstatement under PRIDCO Personnel Regulation 5.5B, amended and reissued as Personnel Regulation VII B(B)(4)(b) following the institution of this lawsuit, and that the refusal to accord him his regulatory reinstatement right was prompted by unlawful political

-3-

discrimination.  Once again, the district court entered summary judgment against Otero, concluding that the present claim could have been brought in the earlier action and thus was barred by the res judicata doctrine.  See Otero-Varcálcel v. Puerto Rico Indus. Dev. Co., Civil No. 04-1858 (PG), slip op. at 4-9 (D.P.R. Aug. 29, 2005) (opinion and order).  Otero appeals, arguing that his present claim -- based on a refusal to reinstate following termination -- did not ripen until after the district court entered its original judgment against him.

The district court's res judicata rationale for entering judgment against Otero may be problematic, but we may affirm on any ground that is supported by the record.  E.g., Stoll v. Principi, 449 F.3d 263, 265 (1st Cir. 2006).  Here, there is a straightforward alternative ground for affirmance.  The personnel regulation on which Otero relies creates a reinstatement right only for a policy-making employee who, inter alia, has assumed his position "as a result of a transfer or assignment from another government agency."  In other words, the regulation protects only a former career employee whose ascension to a policy-making post was at the instigation or behest of some third party with supervisory authority over him in his career position.  But Otero was not "transferred" or "assigned" by a third party to the position of Director of Labor Relations; he resigned from his former career position at another government agency to assume the

-4-

post. For this reason (at least), Otero has not met his burden of showing that the personnel regulation entitles him to reinstatement.

Otero has no response to this line of argument other than to cite a case from the Supreme Court of Puerto Rico, Piñero Gonzalez v. AAA, 146 D.P.R. 890 (1998), in which, Otero says, the Court recognized a reinstatement right for a plaintiff in a policy-making role who, prior to assuming her new position, resigned as a career employee of the Municipality of San Juan. But Otero has not supplied us with a certified translation of the Piñero opinion. See Lopez-Gonzalez v. Municipality of Comerio, 404 F.3d 548, 553 n.4 (1st Cir. 2005) (failure to provide certified translations of Puerto Rico Supreme Court opinions published only in Spanish gives rise to a waiver); see also First Circuit Local Rule 30(d). Nor has he argued that the Piñero Court considered whether a person who has resigned from a career position to assume a policy-making position can be thought to have entered the new post "as a result of a transfer or assignment," as the PRIDCO regulation requires. Under the circumstances, we shall not construe the "transfer or assignment" provision of the regulation contrary to its ordinary connotation, which does not encompass the present situation.

**Affirmed**.