**Idali QUIROS, et al., Plaintiff(s)**

v.

**Eliasín MUÑOZ, et al., Defendant(s).**

**Civil No. 08–1074 (JAG).**

United States District Court,
D. Puerto Rico.

Nov. 2, 2009.

Frederic Chardon–Dubos, Frederic Chardon Dubos Law Office, Moca, PR, Eduardo A. Vera–Ramirez, Eileen Landron–Guardiola, Luis A. Alvarado–Hernandez, Luis A. Rodriguez–Munoz, Landron & Vera LLP, Guaynabo, PR, for Plaintiff.

Anselmo Irizarry–Irizarry, Matta & Matta PSC, Jose H. Vivas, Vivas & Vivas, Carlos G. Martinez–Vivas, Martinez–Texidor & Fuster, Ponce, PR, Gloria M. De-Corral–Hernandez, De Corral & De Mier, Jose A. Miranda–Daleccio, Miranda Cardenas & Cordova, Cesar T. Alcover–Acosta, Heriberto J. Burgos–Perez, Natalia Del Mar Morales–Echeverria, Casellas, Alcover & Burgos PSC, Ramon L. Vinas–Bueso, Alvarado, Vinas & Fernandez PSC, Gilda Del C. Cruz–Martino, SIMED, San Juan, PR, for Defendants.

**OPINION AND ORDER**

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant MCS HMO d/b/a Unicare and Reforma's ("MCS") motion for judgment on the pleadings. (Docket No. 198). For the reasons stated below, this Court **GRANTS** MCS's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Idali Quiros ("Quiros"), Valentin Aviles, and the Conjugal Partnership composed by both of them ("Plaintiffs") bring the present action under this Court's diversity jurisdiction [1] for medical malprac-

---

**1.** Jurisdiction in this case is premised on 28 U.S.C. § 1332, which mandates that the par-

tice and breach of contract. On April 6, 2009, Plaintiffs filed a third amended complaint against: (1) Dr. Eliasín Muñoz, his wife, and their conjugal partnership; (2) MMR Instituto de Medicina de Familia del Oeste, C.S.P.; (3) MCS; (4) Hostos Medical Services, Inc.; and (5) Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Médico Hospitalaria. Plaintiffs' medical malpractice claim is brought pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 based on the alleged negligent medical treatment and care of Quiros. As to MCS, Plaintiffs allege that MCS is liable to them because it negligently breached its service contract by failing to timely approve the payments of medical care for Quiros. (Docket No. 146).

On August 12, 2009, MCS moved this Court for a judgment on the pleadings on the basis that the allegation proffered by Plaintiffs did not comply with the current pleading requirements. (Docket No. 179). MCS's request was denied without prejudice because Plaintiffs were given leave until September 21, 2009 to file a fourth amended complaint. (Docket No. 195). Plaintiffs did not file an amended complaint by the set deadline.

On September 28, 2009, MCS renewed its request for judgment on the pleadings. MCS argues that pursuant to *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), Plaintiffs' claims are not sufficiently well pled to avoid dismissal. (Docket No. 198). Plaintiffs did not oppose MCS' second motion for judgment on the pleadings.

---

ties be domiciled in different states and that the claim exceed $75,000.00. "Diversity of Jurisdiction exists only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as a defendant."

## STANDARD OF REVIEW

The court reviews a motion for judgment on the pleadings pursuant to Fed. R.Civ.P.12(c) under the same standard as a motion to dismiss pursuant to Fed.R.Civ. P.12(b)(6). In *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95–96 (1st Cir.2007) (quoting *Twombly,* 550 U.S. at 559, 127 S.Ct. 1955). The court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). *Twombly* does not require heightened fact pleading of specifics; however, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. 1955.

In *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court upheld *Twombly* and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. *See Iqbal,* 129 S.Ct. at 1949–50. The First Circuit has recently relied on these two principles as outlined by the Court. *See Maldonado v. Fon-*

---

*Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806); *Gabriel v. Preble,* 396 F.3d 10, 13 (1st Cir.2005). In the instant case, there is complete diversity among the parties and the claim exceeds $75,000.

*tanes,* 568 F.3d 263, 268 (1st Cir.2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. *Id.* Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed.R.Civ.P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation". *Id.* at 1950–51 (citing *Twombly,* 550 U.S. at 567, 127 S.Ct. 1955).

## DISCUSSION

In their third amended complaint, Plaintiffs only proffer the following allegations against MCS: "MCS negligently, illegally and in breach of its service contract failed to timely approve the payment of medical care for Quiros which directly caused and/or contributed to cause her damages." (Docket No. 146, ¶¶ 47 and 65). Such allegations can only be classified as conclusory. Plaintiffs' breach of contract claim is devoid of factual allegations that demonstrate that they have a plausible claim for relief against MCS. Consequently, we find that Plaintiffs' allegations do not satisfy the pleading requirements as set forth in *Iqbal.* Accordingly, MCS is entitled to judgment on the pleadings.

## CONCLUSION

For the reasons state above, this Court **GRANTS** MCS's motion for judgment on the pleadings. (Docket No. 198). Plaintiffs' claims against MCS shall be dismissed. Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.