**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-14-1552-TaKuD |
| | ) | |
| LOFTON RYAN BURRIS, | ) | Bk. No.   2:14-bk-10801-WB |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LOFTON RYAN BURRIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| NANCY K. CURRY, Chapter 13 | ) | |
| Trustee, | ) | |
| | ) | |
| Appellee.[**] | ) | |
| _____ | ) | |

Submitted Without Oral Argument[***]
on September 24, 2015

Filed – October 9, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   The Panel invited the chapter 13 trustee, Nancy K. Curry, to file a brief in this appeal. Receiving no response, the Panel determined that only the Appellant's brief would be considered in this appeal.

[***]   After examination of the briefs and record, and after notice to the Debtor, in an order entered May 29, 2015, the Panel unanimously determined that oral argument was not needed for this appeal. See Fed. R. Bankr. P. 8019(b); 9th Cir. BAP Rule 8019-1.

Honorable Julia W. Brand, Bankruptcy Judge, Presiding

---

Appearances:    Lofton Ryan Burris, pro se, on brief.

---

Before:   TAYLOR, KURTZ, and DUNN, Bankruptcy Judges.

## INTRODUCTION

The Debtor appeals from an order dismissing his chapter 13[1] case; we AFFIRM.

## FACTS[2]

### The first bankruptcy, the subsequent chapter 13 case, and the initial confirmation hearings

The Debtor and his spouse received a chapter 7 discharge in 2011. Although ineligible for a discharge, he filed a chapter 13 petition on January 15, 2014. The Debtor's chapter 13 schedules reflected an ownership interest in real property located in Carson, California (the "Property"), with a current value of $300,000. The Debtor scheduled "Wells Fargo Home Mortgage" as holding a disputed obligation in the amount of $25,000 secured by a lien against the Property.

The proofs of claim filed by creditors in the chapter 13 case, however, told a different story; they evidenced that two deeds of trust encumbered the Property, one securing an

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]  We exercise our discretion to take judicial notice of documents filed in the bankruptcy case and in the related adversary proceeding. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

2

obligation owed to Wells Fargo Bank, N.A. ("Wells Fargo") and another securing an obligation owed to Deutsche Bank National Trust Company, as Trustee for a securitized trust ("Deutsche Bank"). Wells Fargo submitted Claim 3-1 as a servicer on behalf of Deutsche Bank and asserted a $611,145.38 secured claim, including $97,352.82 in arrears.[3] Wells Fargo submitted Claim 2-1 on its own behalf and alleged a $68,040.84 secured claim, including $11,957.97 in arrears.

The Debtor submitted a chapter 13 plan consistent with his schedules; he proposed monthly payments of $462.50 which, over 60 months, would pay $2,775 to nonpriority unsecured creditors. He also elected to pay only $25,000 during the term of the plan on account of secured debt.

Not surprisingly, Deutsche Bank objected to plan confirmation; the Debtor's plan failed to cure the nearly $100,000 in arrears it claimed as payable. The Chapter 13 Trustee also objected to confirmation. The Debtor opposed Deutsche Bank's objection and moved to strike it. After a confirmation hearing, the bankruptcy court declined to confirm the plan.

As the case continued, Deutsche Bank withdrew its opposition to confirmation; it did not need to object. The Chapter 13 Trustee continued to oppose confirmation arguing, in part, that the plan failed to provide adequately for Wells Fargo and Deutsche Bank's claims. The Debtor replied and asserted that he did not owe anything to Wells Fargo because of his

---

[3] For clarity, when Wells Fargo acted on Deutsche Bank's behalf, we refer to it as Deutsche Bank.

previous bankruptcy discharge. He further argued that Wells Fargo and Deutsche Bank's claims were "disputed claims and no debts [were] owed and, thus, no provisions [were] made." Bk. ECF No. 20 at 3. The bankruptcy court held another confirmation hearing; it did not confirm the Debtor's plan.

**The claim objections and adversary proceeding**

While the plan confirmation disputes proceeded, the Debtor objected to both Claim 2-1 and Claim 3-1. He principally argued that he discharged these claims in his previous chapter 7; he consequently moved to strike the claims as frivolous.

The Debtor also commenced an adversary proceeding against Wells Fargo and Deutsche Bank (collectively, "Defendants"). Reduced to its essentials, the complaint alleged that Defendants' proofs of claim and the related Deutsche Bank objection to confirmation were fraudulent because the claims were "discharged in a prior bankruptcy proceeding." The complaint further alleged that a "false lien ha[d] been placed upon the [P]roperty . . . ." Thirteen claims for relief later, the complaint requested $26,405,492.38 in damages.

The bankruptcy court eventually overruled the Debtor's objections to Claims 2-1 and 3-1. The Debtor appealed both orders to the district court.

In the adversary proceeding, Defendants moved to dismiss pursuant to Civil Rule 12(b)(6). The Debtor failed to timely oppose the motion; the bankruptcy court granted it and dismissed the adversary proceeding with prejudice. The Debtor appealed, and Defendants elected to have the district court also hear this appeal.

4

The district court consolidated these appeals; on May 15, 2015, it dismissed all appeals pending before it based on lack of prosecution. The Debtor did not appeal further to the Ninth Circuit. Consequently, the dismissal of the Debtor's appeals at the district court is now final.

### Further confirmation hearings

The Trustee continued to oppose confirmation; she filed a first supplemental objection. The Debtor again opposed, and the bankruptcy court held a third confirmation hearing. It did not confirm the Debtor's plan.

Shortly thereafter, the Debtor filed a notice of hearing on plan confirmation. The bankruptcy court then held a fourth confirmation hearing at which it explained to the Debtor that he needed "to address all of those issues that the Trustee has raised. They were all raised at the last hearing that we had on confirmation of your plan, so I need to know why there hasn't been [] any progress and really why I shouldn't just dismiss your case today." Hr'g Tr. (Oct. 29, 2014) at 3:5-10. The bankruptcy court also explained that the Debtor needed to address Wells Fargo's secured obligation. Id. at 4:3-5. Although the bankruptcy court asked the Debtor about the Wells Fargo claim, he provided no response. It then stated:

> I see that you're struggling here. All right. I understand. I understand that. And so maybe the best thing for you would be to dismiss your case and allow you then to possibly seek legal counsel about addressing the issues in your case and the payment of your creditors because I don't see the case moving forward. And if the case is not moving forward, I have to dismiss it.

Id. at 5:17-25. The bankruptcy court dismissed the case by

5

order entered on November 5, 2014.  The Debtor timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A).  We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in dismissing the Debtor's chapter 13 case pursuant to § 1307.

**STANDARD OF REVIEW**

We review the bankruptcy court's dismissal of the chapter 13 case for an abuse of discretion. Schlegel v. Billingslea (In re Schlegel), 526 B.R. 333, 338 (9th Cir. BAP 2015); see also Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1223 (9th Cir. 1999).  A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record.  See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We may affirm on any basis in the record. Heers v. Parsons (In re Heers), 529 B.R. 734, 740 (9th Cir. BAP 2015).

**DISCUSSION**

The Debtor is pro se; as a result, we construe his appellate brief liberally. Keys v. 701 Mariposa Project, LLC (In re 701 Mariposa Project, LLC), 514 B.R. 10, 15 n.3 (9th Cir. BAP 2014).  Even so, we can discern no argument that supports a

6

reversal.

## A. We are bound by the orders overruling the Debtor's claim objections.

The Debtor asserted that the bankruptcy court erred in denying confirmation and sustaining the Trustee's feasibility objection because it was based on discharged mortgages. He also argued that the bankruptcy court deprived him of due process by dismissing the case without first resolving the claim objections. Thus, these arguments indirectly attack the orders overruling the objections to the Wells Fargo and Deutsche Bank claims. These arguments fail, however, because we lack jurisdiction to reverse the claim objections orders. They are now final and were never before this Panel on appeal.

The Debtor appealed these orders to the district court; as a result, only the district court had jurisdiction to determine whether the bankruptcy court erred in overruling the claim objections. Further, the district court dismissed the appeals from the claim objection orders and no further appeal was taken to the Ninth Circuit. Thus, the orders overruling the claim objections are now final and nonappealable. In short, we must assume for purposes of this appeal that the bankruptcy court correctly overruled the claims objections and that Wells Fargo and Deutsche hold valid claims secured by the Property.[4]

_____

[4] We further note that the Debtor failed to provide us with a transcript necessary for review of the bankruptcy court's orders overruling the claim objections; according to its orders, the bankruptcy court adopted "the findings of fact and conclusions of law made on the record." If a bankruptcy court
(continued...)

**B.    The bankruptcy court did not abuse its discretion by dismissing the case.**

On appeal, the Debtor also argues that the bankruptcy court provided inadequate or inappropriate Rule 7052 factual findings and legal conclusions in its order and in its statements on the record.  We disagree.

At the October 29, 2014 confirmation hearing, the

---

[4](...continued) makes its findings of facts and conclusions of law on the record, the appellant must include the transcript as part of the excerpts of record.  McCarthy v. Prince (In re McCarthy), 230 B.R. 414, 416–17 (9th Cir. BAP 1999).  Here, the Debtor did not do so; were the matter before us, we could summarily affirm the bankruptcy court's rulings on this basis.  Ehrenberg v. Cal. State Univ. Fullerton Found. (In re Beachport Entm't), 396 F.3d 1083, 1087-88 (9th Cir. 2005); Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1189 (9th Cir. 2003) (failing to provide a critical transcript may result in summary affirmance).

Further, the merits of the Debtor's claim objections is based on the faulty premise that his prior chapter 7 discharge nullified the Wells Fargo and Deutsche Bank liens.  "Absent some action by the representative of the bankruptcy estate, liens ordinarily pass through bankruptcy unaffected . . . ."  Brawders v. Cnty. of Ventura (In re Brawders), 503 F.3d 856, 867 (9th Cir. 2007); see Bank of Am., N.A. v. Caulkett, 575 U.S. ___, 135 S. Ct. 1995, 1997, 192 L. Ed. 2d 52 (2015) (holding that a chapter 7 debtor may not "void a junior mortgage under § 506(d) when the debt owed on a senior mortgage exceeds the present value of the property"); see also In re Schlegel, 526 B.R. at 342.  The Debtor received a discharge of his personal liability for this debt, but the Wells Fargo and Deutsche Bank liens remained in full force and these secured creditors retained the right to recover their claims from their collateral.  See Johnson v. Home State Bank, 501 U.S. 78, 80 (1991) (holding that a mortgage lien, after a chapter 7 proceeding has discharged a debtor's personal obligation on the underlying debt, remains a "claim against the debtor that can be rescheduled under [c]hapter 13").

8

bankruptcy court referred to instructions it gave and objections raised at the previous confirmation hearing. Unfortunately, the Debtor failed to provide us with transcripts for all of the previous confirmation hearings. Consequently, and as explained in footnote 4, we lack a complete record of the proceedings and cannot adequately consider the bankruptcy court's decision for purposes of a reversal. We could summarily affirm on this basis. See Ehrenberg, 396 F.3d at 1087-88.

But from the record that the Debtor did provide, we see a more than adequate basis for affirmance. The bankruptcy court noted the Debtor's failure to make progress in the case and the Debtor's failure to address issues discussed at previous confirmation hearings. It then invited the Debtor to address "the payment of [his] creditors . . . ." Hr'g Tr. (Oct. 29, 2014) at 5:17-25. The Debtor failed to do so. The bankruptcy court, thus, identified a proper legal standard for dismissal: unreasonable delay that is prejudicial to creditors.

Section 1307(c) sets forth a non-exclusive list of factors that constitute "cause" for conversion or dismissal. See 11 U.S.C. § 1307(c); In re Schlegel, 526 B.R. at 339. "A debtor's unjustified failure to expeditiously accomplish any task required either to propose or confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)." de la Salle v. U.S. Bank, N.A. (In re de la Salle), 461 B.R. 593, 605 (9th Cir. BAP 2011) (quoting Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 915 (9th Cir. BAP 2011)).

In de la Salle, the bankruptcy court converted a case from chapter 13 to chapter 7 after the bankruptcy court gave detailed

9

instructions which the debtor failed to follow. 461 B.R. at 600-01, 605-06. We affirmed in part because: "[g]iven the passage of time and debtors' repeated failure to provide for the claim secured by their residence in their plan, the bankruptcy court correctly concluded that conversion of debtors' case was warranted on account of the resultant delay and prejudice." Id. at 605.

Here, eight months postpetition, the Debtor had made no progress toward proposing a confirmable plan, and the bankruptcy court found prejudice to creditors and cause to dismiss the case.[5] Its findings were sufficient and not clearly erroneous.

**CONCLUSION**

Based on the foregoing, we AFFIRM.

---

[5] Although the issue was not raised by the Debtor, the bankruptcy court did not conduct the required "best interest of creditors" analysis before dismissing the case. See In re Schlegel, 526 B.R. at 343 n.10. Nonetheless, on this record, the error is harmless as case dismissal clearly was in the best interests of creditors and the estate.

10